PER CURIAM.
This is an appeal by the defendants below from a judgment for foreclosure of a mechanics’ lien.
Appellants contracted with the appellee, Anderson & Wallace Construction Co., Inc., herein referred to as Wallace, for construction by Wallace of a certain addition on the residence of the appellants, for a stipulated cost of $6,232.25, payable one-fourth at the outset, with the remaining payments to be made after one-third completion, two-thirds completion and upon completion. The one-fourth payment which was due upon two-thirds completion was withheld because of noted defects in the work. The position of the appellants was that they were unwilling to make such payment until the defects were corrected. Wallace announced willingness to correct such defects but only after the payment then due was made. Wallace continued work for some time beyond that two-thirds completion point, but when the above mentioned impasse continued Wallace refused to perform further. Appellants employed another contractor who corrected the defects and performed the work necessary to complete the construction.
Wallace filed suit to enforce a lien for the balance due. Appellants counterclaimed *552 for damages for defective work. Judgment was entered holding Wallace had performed eighty percent of the required construction, and finding there was due from appellants to Wallace the sum of $1,869.-60.[1] In addition, the judgment awarded Wallace $261.76 interest, $1,500 for attorney fees and $633 costs, making a total of $4,264.36, for which foreclosure was ordered.
On appeal therefrom appellants contend the court erred by failing to rule on their counterclaim, and by failing to determine and allow appellants damages for the defective work which the evidence disclosed. Secondly, that it was error to allow recovery by Wallace, contending Wallace had breached the contract. Upon consideration of those contentions in the light of the record and briefs, we find the latter unsound, but find merit in the former.
The trial court was eminently correct in holding that Wallace was entitled to payment for the proportion of the contract performed, but with a set-off to appellants for defects in the work. To the extent that the defective work or items could be considered a breach of the contract, Wallace had announced willingness to correct the same, and was reasonable in insisting that payments be made as provided for in the contract.
The evidence disclosed that appellants were required to pay $3,348.69 for repair of the defects and completion of the work after Wallace left the job. The contractor subsequently employed testified that of the total charge made by him for such work, “$1,500 or $1,600” was attributable to correcting or “redoing” the defective work. The appellants were entitled to a set-off for that amount, based on their counterclaim, and we agree with appellants’ contention that the trial court should have so held.
Accordingly, the judgment is amended and modified by reducing it by $1,500. Thereby the total amount of $4,264.36, which in the judgment was found to be due by the appellants to Wallace, is reduced to $2,764.36.
Judgment modified, and as modified, af-firméd.

. That figure was reached by subtracting the two quarterly payments which had been made by the appellants from $4,985.-80 which represented eighty percent of the contract price.