SCHEB, Judge.
St. Petersburg Sheraton Corporation appeals the trial court’s order foreclosing a claim of lien filed by Transcoastal Maintenance and Supply, Inc. Sheraton contends that the trial court erred in failing to grant its claim for setoff and in denying its counterclaim for defective performance. We agree and reverse.
Sheraton contracted with Transcoastal, á roofing contractor, to repair its hotel roof. The contract stipulated that final payment would be made upon completion of repairs, and included a guarantee that the roof would be free of leaks for one year.
After Transcoastal had applied waterproofing material to the roof, it requested final payment of $6,627. Sheraton refused to make final payment claiming that the roof still leaked, and an examination of the roof by Transcoastal’s general manager revealed this to be true. Transcoastal sued to foreclose a claim of lien; Sheraton answered and counterclaimed, alleging defective performance by Transcoastal.
The trial court found that Transcoastal had performed all of the conditions of the contract, and that Sheraton’s refusal to pay was without justification. Thus, the court determined that Sheraton’s refusal constituted a breach of the contract which excused Transcoastal from further performance.
We agree with Sheraton that Transcoastal did not completely perform the contract. The trial court’s finding that it did was based on Transcoastal’s having completed application of waterproofing material to the roof. This finding disregards the undisputed fact that Sheraton did not receive a roof free of leaks as promised. Thus, Sheraton was entitled to withhold an amount reasonably necessary to complete the contract. Having determined that Transcoastal fully performed, the trial court refused to receive Sheraton’s proffer of evidence of the expenses it incurred in obtaining a roof which did not leak. In doing so, the court erred because when a contractor sues to foreclose a mechanic’s lien, the property owner is entitled to a setoff for expenses incurred in repairing defects and completing the contract. Berkowitz v. Anderson & Wallace Construction Co., 260 So.2d 551 (Fla.3d DCA 1972).
Consequently, we reverse and remand. On remand, the trial court shall receive evidence as to the expenses which Sherton reasonably incurred in completing the contract, and award this amount by setoff or counterclaim as may be appropriate.
GRIMES, C. J., and BOARDMAN, J., concur.