354 So.2d 424 (1978)
FIDELITY AND DEPOSIT COMPANY OF MARYLAND, a Foreign Insurance Company, and Sanchez Corporation, a Florida Corporation, Appellants,
v.
ACCEL, INC., Appellee.
No. 76-1660.
District Court of Appeal of Florida, Fourth District.
January 24, 1978.
*425 Mark S. London of London & Backman, Hollywood, for appellant-Fidelity and Deposit Company of Maryland.
Michael J. Garavaglia of Rosen, Rosen & Garavaglia, Miramar, for appellant-Sanchez Corporation.
Sheldon R. Rosenthal, Miami, for appellee.
DOWNEY, Judge.
Appellant Sanchez Corporation as general contractor contracted with the owner of real property to construct a building thereon. Sanchez also contracted with Accel, Inc. as a subcontractor to install elevators in the planned improvements. During the course of construction Accel, Inc. left the job and filed a claim of lien for the amount it claimed it was due from Sanchez. Shortly thereafter Sanchez had the lien removed from the realty and transferred to a bond pursuant to Section 713.24, Florida Statutes (1975). Appellant Fidelity and Deposit Company of Maryland is the surety on said bond.
Accel, Inc. filed this suit against Sanchez Corporation and Fidelity and Deposit Company. In its complaint Accel, Inc. claimed damages from Sanchez for breach of contract and claimed a lien against the realty for which it was entitled to judgment against Fidelity on the surety bond. The trial court entered judgment for Accel, Inc. and against Sanchez and Fidelity for $10,637.20.
Both Fidelity and Sanchez have appealed from said judgment. Fidelity contends the judgment is erroneous because it found Accel was entitled to a mechanic's lien which in turn entitled Accel to recover on Fidelity's bond. Sanchez perceives error in finding it guilty of breach of contract and awarding damages of $10,637.20.
The thrust of Fidelity's assignment of error is that Accel, Inc. neither alleged nor proved that it had furnished the owner with the notice required by Section 713.06(2)(a), Florida Statutes (1975) and thus Fidelity was entitled to a dismissal of the complaint at the conclusion of the plaintiff's case. Accel contends, on the other hand, that the bond which was furnished to relieve the property from the lien was furnished by Sanchez, not by the owner, and therefore, Accel was absolved from proving it had furnished the required notice to owner.
We reject Accel's argument as lacking merit. The mere fact that some interested party transfers a lien from property to a bond pursuant to Section 713.24, Florida Statutes (1975) does not obviate the necessity of the lien claimant proving all of the prerequisites necessary for him to enforce his lien. On the contrary, even though the real property is no longer encumbered by the lien the claimant must prove all of the conditions precedent to the perfection and enforcement of that lien. McGuire v. Consolidated Electrical Supply, Inc., 329 So.2d 411 (Fla. 4th DCA 1976). Thus, if the lien claimant could not recover against the owner because of his failure to comply with the lien law he cannot recover against the surety on the bond. See Regal Wood Products, Inc. v. First Wisconsin National Bank of Milwaukee, 347 So.2d 643 (Fla. 4th DCA 1977); Resnick Developers South, Inc. v. *426 Clerici, Inc., 340 So.2d 1194 (Fla. 4th DCA 1976).
In view of the foregoing the judgment against Fidelity on Accel's lien claim was error.
In an effort to prove its claim against Sanchez for damages for breach of contract against Sanchez, Accel relied upon a showing that the contract provided for Sanchez to make installment payments at certain stages of the work. Accel attempted to prove the stage of completion and to claim the installments due under the contract for that stage of completion. This is not the proper measure of damages in an action for breach of contract. The rule has been frequently stated in this jurisdiction that the measure of damages in a suit by a contractor against an owner for breach of contract when the contract has not been fully completed is either quantum meruit or the contractor's lost profit together with the reasonable cost of labor and materials incurred in good faith in the partial performance of the contract. Poinsettia Dairy Products, Inc. v. Wessel Co., 123 Fla. 120, 166 So. 306 (1936); First Atlantic Building Corporation v. Neubauer Construction Company, 352 So.2d 103 (Fla. Fourth District Court of Appeal opinion filed November 1, 1977); Marchese v. Taylor, 252 So.2d 820 (Fla. 4th DCA 1971); Ballard v. Krause, 248 So.2d 233 (Fla. 4th DCA 1971). This is also the proper measure of damages that a subcontractor must prove when suing a contractor. Since the wrong measure of damages was used in the trial court, Accel's claim for damages against Sanchez for breach of contract must be retried.
Accordingly, the judgment appealed from is reversed and the cause is remanded with directions to grant a new trial on damages only on the claim of Accel, Inc. against Sanchez Corporation and to enter judgment for Fidelity and Deposit Company of Maryland on Accel, Inc.'s claim based upon a mechanic's lien.
REVERSED AND REMANDED.
ANSTEAD, J. and BERANEK, JOHN R., Associate Judge, concur.