**In the Matter of LISTLE/SHREEVES CORPORATION, Debtor.**

**David GORMAN, Trustee, Plaintiff,**

v.

**FLORIDA WHOLESALE CARPET, INC., Edsel Lamont & Associates, Inc., Deem Cabinets, Inc., Construction Equipment, Inc., Sharon Westfall, Wholesale Builders Specialties, Inc., Chuck Logue Enterprises, Inc., and National Pool Builders of Largo, Inc., Defendants.**

**Bankruptcy No. 80–18.**
**Adv. No. 80–233.**

United States Bankruptcy Court,
M. D. Florida,
Tampa Division.

May 24, 1982.

Jary C. Nixon, Tampa, Fla., for plaintiff.

J. Paul Raymond, Clearwater, Fla., for Deem Cabinets.

Willis F. Werder, Clearwater, Fla., for Construction Equip.

Larry M. Segall, Tampa, Fla., for Edsel.

Larry Roberts, Seminole, Fla., for Florida Wholesale.

Michael Linsky, Tampa, Fla., for Wholesale Builders.

## ORDER ON MOTIONS FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS an adversary proceeding and the matters under consideration are Motions for Summary Judgment filed by two of the Defendants, Edsel Lamont and Associates, Inc. (Edsel Lamont) and Deem Cabinets, Inc. (Deem Cabinets). Also under consideration is a Motion for Summary Judgment filed by the Plaintiff, David Gorman, who is the Trustee in bankruptcy for the Debtor, Listle/Shreeves Corporation.

It appears that the facts germane to the resolution of this matter are largely undisputed and may be summarized as follows:

In late 1979, Listle/Shreeves Corporation (the Debtor), a general construction contractor, contracted with Anthony and Georgine Brancato to improve the Brancatos'

property at Lot 175, Eastlake Woodlands, Unit One, Pinellas County, Florida. During the course of the improvements, the Debtor subcontracted with the various defendants named in this suit for materials, labor and services, but never fully compensated the subcontractors for those materials, labor and services provided under the contract. Only Deem Cabinets and Construction Equipment, Inc. sent the notice to the owner informing him of the materials or services to be furnished, which is a prerequisite to a valid claim of lien under Fla.Stat. § 713.06(2). However, Construction Equipment did not send its notice within 45 days of commencing the services performed, as required by the statute. The remaining defendants: Florida Wholesale Carpets, Inc., Edsel Lamont and Associates, Inc., Sharon Westfall, Wholesale Builders Specialties, Inc., Chuck Logue Enterprises, Inc., and National Pool Builders of Largo, Inc., failed to send any notice to the owner, although most of them filed a claim of lien.

On January 8, 1980, the Debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code. An order authorizing the Debtor-in-possession to continue business was entered on January 16, 1980. In April, 1980, during the pendency of the Chapter 11 proceedings, the Debtor entered into a surety agreement with the Brancatos, whereby the Brancatos paid the amount due under the construction contract to the Debtor, and posted cash security into the registry of the Circuit Court in and for Pinellas County, Florida, to bond off any liens against the Brancatos' property. Subsequently, all liens against the Brancatos' property were transferred to the cash security. In July, 1980, the Chapter 11 proceeding was converted to a Chapter 7 liquidation proceeding.

In January of 1981, Deem Cabinets filed suit against the Brancatos to foreclose its claim of lien. A final judgment was entered on March 17, 1981 in favor of Deem Cabinets and Deem Cabinets received $5,673.19 from the court registry, which constituted full satisfaction of the judgment against the Brancatos.

David Gorman, the Trustee in bankruptcy for the Debtor, brought this action to have all the claims of lien declared invalid, and for a determination that the Trustee is entitled to a refund of the cash security and that amount paid to Deem Cabinets from the court registry. Three of the Defendants, Sharon Westfall, Chuck Logue Enterprises, Inc., and National Pool Builders of Largo, Inc. failed to respond to the complaint and a default was entered as to those Defendants leaving for consideration Florida Wholesale Carpet, Edsel Lamont, Deem Cabinets, Construction Equipment and Wholesale Builders Specialties. The Trustee's Motion seeks summary judgment against all remaining defendants except Wholesale Builders Specialties.

It is the contention of Deem Cabinets and Edsel Lamont that the money used to post the cash bond was never money of the Debtor and, therefore, never property of the estate. This contention is based on the fact that the money paid by the Brancatos to the Debtor in compliance with the surety agreement went directly to the registry of the Circuit Court. It is also based on Fla. Stat. § 713.34(3), a criminal embezzlement statute, from which Deem Cabinets and Edsel Lamont would have this Court imply a trust fund concept and fiduciary duties with regard to monies paid to a general contractor on account of improving real property. The Trustee contends that Florida's Mechanics Lien statutes do not establish a trust fund concept, and therefore, the monies transferred to the Debtor under the surety agreement belonged to the Debtor and in turn became property of the estate, regardless of whether the Debtor transferred the money directly to the court registry.

Florida Statute § 713.34(2) provides: "(3) Any person, firm, corporation, or agent officer, or employee thereof who, with intent to defraud, shall use the proceeds of any payment made to him on account of improving certain real property, for any other purpose than to pay for labor or services performed on or materials furnished for this specific improvement, while any amount for which he

may be or become liable for such labor, services, or materials remains unpaid shall be guilty of embezzlement and shall be prosecuted and, upon conviction, punished in accordance with the provisions of the laws of this state; provided however, that failure to pay for such labor, services or materials furnished for this specific improvement after receipt of such proceeds shall constitute prima facie evidence of intent to defraud."

A majority of courts when confronted with such a statute have refused to find a trust relationship, especially where there is nothing more to support such a finding. As the Court expressed in *Angelle v. Reed*, 610 F.2d 1335 (5th Cir. 1980), "We have our doubts . . . that a statute which merely makes misappropriation a crime without, for example, requiring segregation of accounts would be enough to charge the parties with an intent to create a trust." The rationale is that, even if a trust were created by the statute, it arises only upon the act of wrongdoing, the misappropriation. The basic elements of a trust, a res and fiduciary duties, are not created, and therefore, true fiduciary relationships are not created." See also, *Devaney v. Dloogoff*, 600 F.2d 166 (8th Cir. 1979); *Runnion v. Pedrazzini*, 644 F.2d 756 (9th Cir. 1981).

Although these cases involved questions of dischargeability, the principles are equally applicable here. The mere failure to carry out an agreement or to pay a debt does not in itself give rise to a constructive trust. 33 Fla.Jur., *Trusts*, § 64 (Supp.1982). Whether the money which went into the court registry was paid to the Debtor before or after the petition was filed, the money or right to payment of the money became property of the Debtor's estate under § 541 of the Code. However, in this case when the funds were placed in the court registry, the Debtor was in possession of the business and authorized to continue operations. As provided by § 1107 of the Bankruptcy Code and by order of this Court, the Debtor-in-Possession may exercise virtually all of the powers of a trustee, retains title and possession of its property,

and may use properties of the estate in the ordinary course of business, in conformity with § 363(c) of the Code.

It is an accepted practice of the construction industry to pay subcontractors and to bond off mechanic's liens against real property improved by the general contractor by posting either a bond or placing funds in the registry of the court. However, only those liens which are valid may be enforced against the bond or paid from the funds placed in the registry. The fact that the lien has been transferred from the real property to the cash security does not relieve the claimant of the burden of establishing that all of the conditions precedent to perfection and enforcement of the lien were satisfied. *Fidelity and Deposit Company of Maryland v. Accel, Inc.*, 354 So.2d 424 (Fla. 4th DCA 1978). Strict compliance with the mechanics lien laws is an indispensable prerequisite to obtaining relief under the statute, and if the claimant could not recover against the owner because he failed to comply with the lien laws, he is equally prevented from recovering on the bond or receiving payment out of the funds placed in the registry. *Fidelity, supra.*

There is no doubt and it is evident from the record that Deem Cabinets had a valid perfected lien and the matter has been already adjudicated in the Circuit Court and this determination is binding. Accordingly, Deem Cabinets was entitled to receive payment from the cash deposited in the court registry. While the cash in the registry constituted property of the estate, it was subject to all valid liens, including the lien of Deem Cabinets.

However, the claims of lien of the other defendants were never perfected; therefore, they are invalid and unenforceable. In the case Construction Equipment, Inc., work was commenced on September 19, 1979 but the required notice to the owner was not served until December 17, 1979, outside of the 45 day period set down by Fla.Stat. § 713.06. The remaining defendants failed to serve any notice to the owner whatsoever. Therefore, their liens are invalid by virtue of non-compliance with the

**424**

statute and the Motion for Summary Judgment by the Trustee is well taken and should be granted except as to Deem Cabinets.

In light of the foregoing, the Court is satisfied that there are no genuine issues of material fact, and Deem Cabinets is entitled to judgment as a matter of law, but the Trustee is entitled to judgment against the other defendants as a matter of law.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment filed by Deem Cabinets, Inc. be, and the same hereby is, granted, and the Motion for Summary Judgment filed by the Trustee, David Gorman be, and the same hereby is, denied as to Deem Cabinets, Inc. and judgment be, and the same hereby is, entered in favor of Deem Cabinets and against the Trustee. It is further

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment filed by Edsel Lamont and Associates, Inc., be, and the same hereby is, denied. It is further

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment filed by the Trustee, David Gorman be, and the same hereby is, granted as to defendants Florida Wholesale Carpets, Inc., Edsel Lamont and Associates, Inc., and Construction Equipment, Inc., and judgment be, and the same hereby is, entered in favor of the Trustee and against those defendants and the liens of Florida Wholesale Carpets, Inc., Edsel Lamont & Associates, Inc., and Construction Equipment, Inc. which are the subject of this adversary proceeding, be, and the same hereby are, declared invalid and of no effect. It is further

ORDERED, ADJUDGED AND DECREED that the remaining cash security held in the registry of the Circuit Court in and for Pinellas County, Florida be, and the same hereby is, declared to be property of the Debtor's estate and the Clerk of the Circuit Court in and for Pinellas County, Florida, be, and the same hereby is, ordered to refund the remaining cash security deposit to the Trustee for the Debtor's estate, David Gorman.