**In The Matter of PRATT GENERAL CONTRACTORS, INC., Debtor.**

**O'CONNOR LUMBER COMPANY, INC., Plaintiff,**

**v.**

**PRATT GENERAL CONTRACTORS, INC., BayBank Connecticut, N.A., Defendants.**

Bankruptcy No. 2–90–00062.
Adv. No. 2–91–2027.

United States Bankruptcy Court, D. Connecticut.

June 11, 1992.

Elizabeth O. Fitzpatrick, Sachs, Berman, Rashba & Shure, P.C., New Haven, Conn., for plaintiff.

Daniel S. Blinn, Pepe & Hazard, Hartford, Conn., for debtor-defendant.

Alexander Rostocki and Clifford J. Grandjean, Sorokin, Sorokin, Gross, Hyde & Williams, Hartford, Conn., for BayBank Connecticut, N.A., defendant.

MEMORANDUM AND ORDER
RE: CROSS MOTIONS FOR
SUMMARY JUDGMENT

ROBERT L. KRECHEVSKY, Chief Judge.

I.

*Issue*

The dispositive issue in this core adversary proceeding is whether a subcontractor

of the debtor-general contractor is entitled to the imposition of a constructive trust on an account receivable, secured by a mechanic's lien, due the debtor from the owner of the property where the subcontractor furnished materials. The issue is presented for ruling upon cross motions for summary judgment filed by the debtor and the subcontractor.

## II.

### Background

Pratt General Contractors, Inc., the debtor, filed a chapter 11 petition on January 11, 1990. O'Connor Lumber Company, Inc. (O'Connor), the subcontractor, brought a complaint on February 15, 1991 against the debtor and BayBank Connecticut, N.A., the holder of a security interest in the debtor's accounts receivable. The complaint requested a declaratory judgment that any funds due the debtor under the debtor's claim against a property owner, secured by the debtor's mechanic's lien, are impressed with a constructive trust for the benefit of O'Connor to the extent of monies due O'Connor from the debtor (First Count), and that O'Connor is subrogated to the rights of the debtor pursuant to Conn.Gen. Stat. § 49–33(f) (Second Count).

The debtor had been the general contractor under a contract for the construction of apartments, executed on January 31, 1987, with Hawkstone Developers, Inc., the owner of property in Derby, Connecticut. On July 21, 1989, the debtor recorded and perfected a certificate of mechanic's lien against the Derby property, pursuant to Connecticut mechanic's lien statutes, asserting an unpaid balance of $1,223,208 due under the construction contract.[1] O'Connor, retained by the debtor as a subcontractor, furnished materials for the apartment construction project. On June 1, 1989, O'Connor recorded its own certificate of mechanic's lien on the Derby land records, but the debtor asserts, and O'Connor does not deny, that the lien was not perfected and does not, in any event, now represent a valid or enforceable encumbrance. While the amount of the debt claimed by O'Connor is disputed by the debtor, for the purpose of this ruling some amount is deemed unpaid. The debtor's action to foreclose its mechanic's lien, commenced on October 26, 1989, is presently pending in state court. O'Connor's single memorandum of law, submitted both in opposition to the debtor's motion and in support of its own motion for summary judgment, makes no reference whatsoever to the Second Count of its complaint (which count is hereby deemed abandoned), but rests solely on the claim that constructive trust doctrine applies to the money due the debtor from the property owner based on the relationship between the debtor and O'Connor.

## III.

### Discussion

#### A.

O'Connor contends in its memorandum that "[a]n agency relationship between Pratt and the Subcontractors arose as a result of Pratt's efforts to get paid by the Project Owner.... [A]ny monies recovered by Pratt ... must be held in trust for O'Connor.... An equitable trust or constructive trust is the appropriate mechanism in this case to prevent unjust enrichment to Pratt at the expense of the Subcontractors." *O'Connor Memorandum* at 6–7. O'Connor further asserts that "[t]he courts have never directly addressed the issue of imposing a constructive trust over proceeds of a construction project held by a bankrupt general contractor who has failed to pay its subcontractors." *Id.* at 8. Contrary to this assertion, several courts have addressed the issue, as defined by the record in this proceeding, and, as hereinafter noted, have generally decided the issue adversely to O'Connor's position.

#### B.

This court, in *Marwin Production Systems, Limited v. The Pratt & Whitney Company, Inc. (In re The Pratt & Whitney Company, Inc.)*, 140 B.R. 327 (Bankr. D.Conn.1992), *appeal docketed*, recently

---

**1.** A bond has since been substituted by the present property owner for the mechanic's lien.

surveyed the doctrine of constructive trusts under the Bankruptcy Code in general, and Connecticut constructive trust law in specific, as follows:

[The Second Circuit has ruled that] Bankruptcy Code § 541(b)(1) excludes from the bankruptcy estate property of others held by the debtor in trust at the time of the filing of the petition; that a constructive trust thereby confers on the trust beneficiary an equitable interest in the trust property superior to that of a bankruptcy trustee; and that state law is to be consulted to determine whether to impose a trust on property....

... Connecticut courts have observed that constructive trusts "arise when the legal title to property is obtained by a person in violation, express or implied, of some duty owed to the one who is equitably entitled, and when the property thus obtained is held in hostility to his beneficial rights of ownership, ... [I]t is not indispensable that the conventional relation of trustee and *cestui que trust,* or even *any* fiduciary relation, should exist between the original wrongdoer and the beneficial owner...." Further, a constructive trust arises "against one, who by fraud, actual or constructive, by duress or abuse of confidence, by commission of wrong, or by any form of unconscionable conduct, artifice, concealment, or questionable means, or who in any way against equity and good conscience, either has obtained or holds legal title to property which he ought not, in equity and good conscience, hold and enjoy. [I]t is unnecessary to find fraudulent intent for the imposition of a constructive trust ... [where there is] unjust enrichment of the grantee through his unconscionable retention of the trust res." (Citations omitted.)

*Marwin* emphasized that the application of constructive trust doctrine will not be justified to relieve creditors from their own actions or inactions in failing to protect their interests, and that "[i]mposition of constructive trust must include a consideration of the relative equities between the proposed trust beneficiary and other creditors." (Citation omitted.) *Id.*

### C.

Connecticut mechanic's lien statutes provide comprehensive and well-defined protection for subcontractors, as well as for general contractors, against nonpayment for improvements they have made to property, by permitting all persons furnishing materials or rendering services to file mechanic's liens against such property, capable of being foreclosed in the same manner as a mortgage. *See* Conn.Gen.Stat. §§ 49–33 through 49–36; *H & S Torrington Assoc. v. Lutz Eng'g Co., Inc.,* 185 Conn. 549, 553, 441 A.2d 171 (1981) ("A subcontractor's right to claim a lien against a property owner with whom he is not in privity was 'created because the subcontractor has furnished material or labor to or for the contractor which has gone into the owner's building.' "); *Seaman v. Climate Control Corp.,* 181 Conn. 592, 596, 436 A.2d 271 (1980) (Where mechanic's liens have been filed by original contractor and subcontractors, "[i]f the contract price which the owner agreed to pay the original contractor is insufficient to cover all the liens, claimants other than the original contractor are to be paid first, and, if necessary, on a pro rata basis. General Statutes § 49–36.").

The rulings in jurisdictions providing mechanic's lien protection apparently similar to that of Connecticut are uniform that where the subcontractor had the opportunity to obtain a mechanic's lien, but failed to do so, the subcontractor was not entitled to the additional protection of a constructive trust imposed on contractor monies received or due from the property owner. *See Wachovia Bank v. American Bldg. Consultants, Inc. (In re American Bldg. Consultants, Inc.),* 138 B.R. 1015 (Bankr. N.D.Ga.1992) (no constructive trust available to subcontractors on funds paid by an owner to a contractor where the subcontractor has not taken steps timely to secure a valid mechanic's lien); *T. Brady Mechanical Serv., Inc. v. F.E. Moran, Inc. (In re T. Brady Mechanical Serv., Inc.),* 129 B.R. 559, 563 (Bankr.N.D.Ill.1991) ("If [subcontractors] failed to use available means to protect themselves, that does not make it

equitable for them to take money that would otherwise benefit the unsecured creditors."); *Gorman v. Florida Wholesale Carpet, Inc. (In re Listle/Shreeves Corp.)*, 20 B.R. 421, 423 (Bankr.M.D.Fla. 1982) (where debtor-general contractor had not paid subcontractors who could have but did not file subcontractor mechanic's liens, subcontractors had no claim against funds due debtor from property owner as no true fiduciary relationship created between parties and no basis to impose constructive trust). *See also Sequatchie Concrete Serv., Inc. v. Cutter Lab.*, 616 S.W.2d 162, 166 (Tenn.Ct.App.1980) ("Since this Court is unable to find authority establishing a construction fund trust in the absence of an explicit state builders trust fund statute, a prior agreement between the parties for direct payment to the subcontractor or the possession of a valid or inchoate mechanics lien by the subcontractor, we hold that [the subcontractor] is not entitled to have the funds [of debtor-contractor] held in trust for it."). *Cf. In re Null's Serv., Inc.*, 109 B.R. 301, 305 (Bankr.W.D.Tenn.1990) ("Since Tennessee does not statutorily provide for a constructive trust for the benefit of suppliers, the court finds no basis for granting the suppliers a legal or equitable interest in the funds on that basis."); *Heckathorn Constr. Co., Inc. v. Bass Mechanical Contractors, Inc. (In re Bass Mechanical Contractors, Inc.)*, 84 B.R. 1009, 1019 (Bankr.W.D.Ark.1988) (payments made to general contractor not held in trust for suppliers who may be entitled to liens on project); *Hickey v. Thomas G. Gallagher, Inc. (In re H & A Constr. Co., Inc.)*, 65 B.R. 213, 217 (Bankr.D.Mass.1986) (Trustee of debtor-contractor can recover payments made to subcontractors within preference period because a debtor-creditor relationship only existed between the parties, not a trust or fiduciary relationship); *Carey Elec. Contracting v. First Nat. Bank of Elgin*, 74 Ill.App.3d 233, 30 Ill.Dec. 104, 109–10, 392 N.E.2d 759, 763–64 (1979) (Subcontractors who executed lien waivers were not entitled to constructive trust because "mere allegations that one businessman simply trusted another to fulfill his contractual obligations is certainly not enough.").

Two holdings primarily relied upon by O'Connor are distinguishable in that they both involved joint-check payments by the owner to the contractor and subcontractor, *In re Inca Materials, Inc.*, 880 F.2d 1307 (11th Cir.1989); *Mid–Atlantic Supply, Inc. v. Three Rivers Aluminum Co.*, 790 F.2d 1121 (4th Cir.1989). A third cased cited by O'Connor—*Georgia Pac. Corp. v. Sigma Service Corp.*, 712 F.2d 962 (5th Cir. 1983)—actually ruled that an owner who issued joint checks payable to a debtor-contractor and a subcontractor, as requested by the debtor, is insufficient, by itself, to invoke a constructive trust in favor of the subcontractor.

## IV.

### Conclusion

In light of the case-law doctrine in Connecticut establishing the factors justifying the imposition of a constructive trust; the failure of the record to disclose unjust enrichment, actual or constructive fraud, unconscionable conduct or breach of a fiduciary duty by the debtor; the lack of any Connecticut authority, decisional or statutory, applying constructive trust doctrine to general contractor-subcontractor relationships *per se;* the availability to Connecticut subcontractors of adequate mechanic's lien procedures to protect their rights to payment; the extensive, reasoned and convincing case authority denying the application of constructive trust doctrine in other jurisdictions with seemingly comparable statutory mechanic's lien systems, I conclude that the debtor's motion for summary judgment should be granted, the cross-motion of O'Connor be denied, and that judgment enter dismissing the adversary proceeding on the merits. It is

SO ORDERED.