248 So.2d 233 (1971)
Michael D. BALLARD and Gail S. Ballard, His Wife, Appellants,
v.
Robert W. KRAUSE, Appellee.
No. 70-265.
District Court of Appeal of Florida, Fourth District.
May 20, 1971.
Jesse E. Graham of Mairs Graham Markel & Vaught, Winter Park, for appellants.
No appearance for appellee.
CROSS, Chief Judge.
Appellants-defendants, Michael D. Ballard and his wife Gail S. Ballard, appeal a final judgment entered pursuant to a jury verdict in favor of the appellee-plaintiff, Robert W. Krause, in a cause of action to foreclose a mechanic's lien. We reverse.
Plaintiff, Robert W. Krause, entered into a written contract on July 9, 1968, to construct a house for the defendants, Michael *234 D. Ballard and his wife Gail S. Ballard. The total contract price was $34,071.50. It appears that during the course of construction difficulties developed between the parties involving primarily the quality of the materials being used in the construction of the home and numerous changes from the original plans and specifications.
On December 16, 1968, prior to the house being completed, the plaintiff received a letter from an attorney representing the defendants terminating the contract. The letter stated the contract was terminated for neither completing on time nor constructing the house in accordance with the plans and specifications.
On January 16, 1969, the plaintiff pursuant to F.S. chapter 713, F.S.A., filed a claim of lien for $8,753.50. The lien not being satisfied, plaintiff commenced suit to foreclose the lien.
In due course, the defendants answered the complaint, generally denying the allegations and asserting as an affirmative defense that plaintiff failed to comply with and perform the conditions on the plaintiff's part to be performed under the terms and provisions of the contract. A counterclaim was also filed by the defendants against the plaintiff asserting, in essence, that the plaintiff failed to finish the dwelling in the time prescribed in the contract.
The cause thereafter came on for trial before a jury. The jury returned a verdict for the plaintiff and against the defendants on the plaintiff's complaint and assessed the plaintiff's damages at $10,000. The jury also returned a verdict for the plaintiff on defendants' counterclaim. Defendants then moved for judgment notwithstanding the verdict, or in the alternative, for a new trial. The trial court entered an order granting a new trial only as to damages unless the plaintiff remitted $2,000. Plaintiff consented to the remittitur, and final judgment was entered in favor of the plaintiff for $8,000 with interest, costs and attorney's fees. Hence this appeal from the final judgment by the defendants.
The basic thrust of the appeal is whether the evidence was sufficient to support the judgment for damages. Defendants' liability for breach of the contract is adequately supported by the record. An analysis of the issue for our determination necessarily involves the question "What is a contractor's measure of damages when an owner wrongfully terminates a contract?"
Generally, the measure of damages where the cause of action is on breach of contract is lost profit that would have been realized and costs reasonably incurred in good faith in partial performance of the contract. Poinsettia Dairy Products, Inc. v. Wessel Co., 1936, 123 Fla. 120, 166 So. 306. The burden of establishing profit, as if there had been no breach of the contract, is on the contractor. Profit may be established by showing the total cost and expenses of labor, services and materials necessary to perform the contract and then deducting that sum from the contract price. The result is the profit. This may be expressed in the formula "BP equals C minus Z" in which the builder's profit is "BP," the contract price is "C" and the total costs of the builder for performing the contract are "Z."
Where the cause of action is in quantum meruit, the contractor may treat the contract as void and seek those damages that would put him in the same position that he was immediately prior to the making of the agreement, in which case the contractor's measure of damages is the reasonable value of the labor and services rendered, and materials furnished. Dade County v. Palmer and Baker Engrs., Inc., 5 Cir.1963, 318 F.2d 18. The contract price generally is the upper limit where the contractor sues in quantum meruit, but in the event the owner's breach is willful, the *235 contractor may recover his outlay even if it exceeds the contract price. Also, in quantum meruit a contractor may recover expenses in preparing to perform. However, this element of damage is not available to a contractor if the contractor is suing on the contract. Sullivan v. McMillan, 1890, 26 Fla. 543, 8 So. 450. In either event, damages recoverable on either theory, breach of contract or quantum meruit, must be proved with reasonable certainty and cannot be left to speculation or conjecture.
In the case sub judice, it was incumbent upon the contractor to prove the value of all labor, services (including supervision) and materials actually furnished to the owners. Neither the plaintiff nor any witness on behalf of the plaintiff testified as to the total cost and expenses of labor, services and materials furnished and incurred in performance of the contract from the date of the contract to the date of termination. There is no testimony as to how plaintiff arrived at the amount of damages he sought in his complaint, to-wit, $8,753.50. Testimony was merely to the effect that defendants paid to the plaintiff $14,000; that plaintiff disbursed $11,000 for materials and to subcontractors, and retained $3,000 for himself. Most of the carpentry work was performed by the plaintiff, which was valued at $1500-$2000. There were still outstanding unpaid bills apparently in the amount of $4,239.00. Such evidence proffered on behalf of the plaintiff is totally insufficient to establish damages.
Accordingly, the final judgment entered in favor of the plaintiff, Robert W. Krause, and against the defendants, Michael D. Ballard and his wife Gail S. Ballard, is reversed and the cause remanded for a new trial on the issue only of damages.
Reversed and remanded.
OWEN, J., and MELVIN, WOODROW M., Associate Judge, concur.