OWEN, Judge.
Appellee, Campbell-Dickey Advertising Agency, prevented by its client from fully performing a written contract to furnish certain advertising services, recovered judgment against the client for the full contract price. We hold that this is not the proper measure of appellee’s damages and reverse.
The written contract required Campbell-Dickey to furnish certain advertising and public relations services to appellant for a period of one year from April 2, 1970, for the total sum of $21,600. The contract *193 provided that this total sum was due and payable at the time the contract was executed. Nonetheless, it granted to appellant the privilege of paying this sum in twelve consecutive monthly installments of $1,800 each. After three months appellant ceased paying the monthly installments, which action resulted .in appellee filing this suit.
The case went to trial before the court without a jury. The parties stipulated that after suit was filed in August, 1970, appellant had paid Campbell-Dickey an additional amount which covered certain expenses as well as the monthly installments through August, 1970. Appellee offered evidence to the effect that of the various services which an advertising agency furnishes to a new client, the bulk of the work consists of designing and establishing an advertising program and is completed within the first 60 to 90 days of the contract. Notwithstanding this fact, the written contract expressly outlined certain services which the agency was required to furnish at various times thoughout the entire one year period. Appellee’s principal officer admitted that the appellee had not furnished any services to appellant since the middle of July, 1970. Other than establishing that $12,600 was the unpaid balance under the contract, ap-pellees offered no other evidence of its damages. The court awarded Campbell-Dickey a judgment for $12,600, together with an attorney’s fee as authorized by the contract.
Appellee, having elected to sue on the contract rather than in quantum meruit, was necessarily limited in its recovery to the damages it sustained as a consequence of appellant’s breach of the contract. In Poinsettia Dairy Products, Inc. v. Wessel Co., 1936, 123 Fla. 120, 166 So. 306, it was held that where the performance of a contract to furnish services is prevented by the other party, the damages sustained by the party obligated to furnish the services is not the full contract price as though the contract had been fully performed, but rather is the lost profits that would have been realized upon performance of the contract, together with the reasonable and necessary expenses incurred in good faith by the plaintiff in partial performance of the contract up to the time of breach. See 9 Fla.Jur., Damages, Section 27. In Ballard v. Krause, Fla.App.1971, 248 So.2d 233, we enunciated these same principles and outlined the manner of determining the lost profit.
It is evident from a review of the record that the amount of the judgment can find no support therein other than being purely and simply the balance of the contract price to which appellee would have been entitled upon full performance. On the basis of the authorities cited above, we hold this to be an incorrect basis upon which to determine the extent of appellee’s recovery. Inherent in the final judgment for appellee is the court’s determination that appellant terminated the contract without justification and since the record does contain competent evidence to sustain this determination, it need not be disturbed. Accordingly, the judgment for appellee, including the award of attorney’s fees, is reversed and this cause remanded for a new trial limited to the amount of damages, if any, to which appellee may prove itself entitled as determined in accordance with the views herein expressed. Reasonable attorney’s fees may be allowed under the provisions of the contract to the successful party.
Reversed and remanded.
REED, C. J„ and WALDEN, J., concur.