303 So.2d 685 (1974)
ORLANDO CENTRAL PARK, INC., a Foreign Corporation, Appellant,
v.
MASTER DOOR COMPANY OF ORLANDO, INC., a Florida Corporation, and Brody Construction, Inc., a Florida Corporation, Appellees.
No. 74-687.
District Court of Appeal of Florida, Fourth District.
December 6, 1974.
Patricia C. Fawsett, of Akerman, Senterfitt, Eidson & Wharton, Orlando, for appellant.
Charles J. Collins, Jr., of Steed & Collins, Orlando, for Appellee-Master Door Company of Orlando, Inc.
DOWNEY, Judge.
Appellant, Orlando Central Park, Inc., as owner, entered into a contract with Brody Construction, Inc., as general contractor, *686 for the construction of an apartment complex. Among other things the contract provided that the owner had the right to disapprove the award of any subcontracts.
Brody Construction, Inc., entered into a subcontract with appellee, Master Door Company of Orlando, Inc., pursuant to which Master Door was to furnish doors and hardware for the project. Paragraph 2 of said subcontract provided:
"2. The subcontractor, upon acceptance of this order, waives all liens or claims of lien and all rights under any bond or bonds executed by Brody and its surety, if any, to which the subcontractor might otherwise be entitled, or to which he might become entitled pursuant to law. The subcontractor agrees upon presentation to him of the same to execute such number and form of waivers and affidavits in connection therewith in advance of performance of the subcontract as may be required by Brody. The subcontractor further agrees to secure from his subcontractors and materialmen, if any, similar waivers and affidavits and to furnish Brody with written notice of all such subcontractors and materialmen."
Appellee, Master Door, sued appellant Orlando Central and Brody Construction, Inc., in two counts, one against Brody for breach of contract and the other against Orlando Central to foreclose a mechanic's lien upon the real property in question. Upon Orlando Central's motion to dismiss, the court ruled that provisions for waiver of liens are in derogation of that public policy which favors the establishment of liens wherever possible to protect materialmen. Therefore, the court reasoned, any contract with a provision that provides for a waiver of lien should be strictly construed in favor of the party which claims a lien right. The court concluded that, thus considered, the waiver of lien provision of paragraph 2 of the subcontract was ambiguous, and it denied the motion to dismiss.
Section 713.20(2), F.S. 1971, provides that "Any person other than a laborer may waive his lien under this chapter at any time, either before or after furnishing services or materials. * * *" Since the legislature has expressly provided for the waiver of liens, the waiver provision in the subcontract violates no public policy considerations. See Greco-Davis Contracting Company v. Stevmier, Inc., Fla.App. 1964, 162 So.2d 285; and other cases at Annot.: Mechanic's Lien  Provision Against, 76 A.L.R.2d 1087 (1961). Of course, if the terms of the contract are ambiguous, the doubt is resolved against a waiver. But if it clear that a waiver was intended, the contract is construed according to the intention of the parties; the words the parties use to express their intent are construed in the light of the object which the parties had in view while employing those words. 53 Am.Jur.2d Mechanics' Liens, § 293.
The appellee agreed to waive all liens or claims of lien thereby unequivocally surrendering its potential claim at the time it signed the subcontract. And although the named parties to the subcontract are Master Door and Brody, Orlando Central is a third party beneficiary thereof. In our opinion the language used is clear and unambiguous. Master Door agreed to waive all liens and claims of lien. "All liens" includes the lien here involved. Finally, the only party subject to a lien or claim of lien in this project was the property owner, appellant.
We recognize that ordinarily waiver is an affirmative defense. But the contract containing the contractual provision constituting the waiver in this case was attached to the complaint and thus was a part thereof. If appellee Master Door had some equitable considerations which would nullify the waiver provision of said contract it was incumbent upon it to plead them so as to offset the waiver appearing on the face of its complaint.
*687 Accordingly, the trial court erred in denying Orlando Central's motion to dismiss, requiring a reversal. However, if there be any equitable considerations which might nullify the waiver provision, the ends of justice would seem to require that appellee Master Door be allowed to plead and prove them.
The order appealed from is reversed and the cause is remanded with directions to give the appellee Master Door Company of Orlando, Inc., leave to amend its complaint in order to state a cause of action.
Reversed.
OWEN, C.J., and CROSS, J., concur.