321 So.2d 562 (1975)
TECH CORPORATION, Appellant,
v.
The PERMUTIT COMPANY, a Division of Sybron Corporation, a New York Corporation, and Petersen Construction Co., a/K/a Peabody Water Resources, Inc., Appellees.
PEABODY PETERSEN CO., F/K/a Petersen Construction Co., a/K/a Peabody Water Resources, Inc., Appellant,
v.
The PERMUTIT COMPANY, a Division of Sybron Corporation, a New York Corporation, and Tech Corporation, a Florida Corporation, Appellees.
Nos. 74-1358, 74-1388.
District Court of Appeal of Florida, Fourth District.
November 14, 1975.
*563 E. Randolph Bentley, Lakeland, for appellant Tech Corp.
Robert L. Young, Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Orlando, for appellant/appellee Peabody Petersen Co.
David J. Fuller, Akerman, Senterfitt, Eidson & Wharton, Orlando, for appellee The Permutit Co., and others.
DOWNEY, Judge.
Appellee, The Permutit Company, sued appellant Peabody Petersen Company for breach of contract, and Peabody filed a third party claim against appellant Tech Corporation. The trial court entered a judgment for appellee and against both Peabody and Tech, jointly and severally, for the sum of $31,973.38, together with interest. The judgment included $17,020 lost profit, $2,164.60 for materials, $2,766.72 for labor, and $10,022.06 for reasonable overhead. Both appellants attack that judgment in these consolidated appeals. In addition, Tech attacks the third party judgment holding it liable to idemnify Peabody.
We have considered all of appellants' contentions and find only two of them warranting discussion. The first is appellants' joint assertion that the trial court erred in its assessment of damages, particularly with reference to the inclusion of overhead.
There is no dispute among the parties that if appellee is entitled to recover damages in this case, § 672.708(2), F.S. 1973, is applicable and appellee is entitled to recover its lost profit, including reasonable overhead. The problem in this case is trying to determine whether the final judgment included more than one award for overhead.
The proof of lost profits and the allocation of overhead to a specific job is at best difficult. The proof concerning the amount of lost profits need only be reasonably certain to permit recovery thereof. Stuart Kitchens, Inc., v. Stevens, 248 Md. 71, 234 A.2d 749 (1967). However, our careful study of the record reveals that the evidence in support of the claim for lost profit (including reasonable overhead) is so vague and confusing as to be inadequate to support the trial judge's finding. Thus, we believe a new trial on the question of damages is indicated because the proof as to appellee's loss of profit (including reasonable overhead) was not reasonably certain.
The other question which we feel called upon to treat is the allowance of interest on any damages awarded.
The trial court found appellee was entitled to interest upon the damages award "from September 10, 1969, the date upon which this Court finds Permutit would have been entitled to all of its funds from Buyers had the contract in fact been performed." Since the court found that damages were due as of a date certain, we believe the allowance of interest from that date is supported by English And American Ins. Co. v. Swain Groves, Fla.App. 1969, 218 So.2d 453, and United Bonding Insurance Company v. Crum, Fla.App. 1970, 239 So.2d 600. In the Swain Groves case this court stated:
"In actions ex contractu it is proper to allow interest at the legal rate from the date the debt was due. The fact that there is an honest and bona fide dispute *564 as to whether the debt is actually due has no bearing on the question. If it is finally determined that the debt was due, the person to whom it was due is entitled not only to the payment of the principal of the debt but also to the interest at the lawful rate from the due date thereof. Parker v. Brinson Construction Company, Fla. 1955, 78 So.2d 873. Whenever a verdict liquidates a claim and fixes it as of a prior date, interest should follow from that date. Everglade Cypress Company v. Tunnicliffe, 1933, 107 Fla. 675, 148 So. 192."
The judgment appealed from is affirmed insofar as the questions of liability are concerned and reversed insofar as the award of damages is concerned.
Reversed and remanded for a new trial on the issue of damages.
CROSS and OWEN, JJ., concur.