352 So.2d 103 (1977)
FIRST ATLANTIC BUILDING CORPORATION, Appellant,
v.
NEUBAUER CONSTRUCTION COMPANY, Appellee.
No. 76-741.
District Court of Appeal of Florida, Fourth District.
November 1, 1977.
Rehearing Denied December 14, 1977.
*104 Fred N. Kellner of Mershon, Sawyer, Johnson, Dunwody & Cole, Miami, for appellant.
Larry R. Leiby of Kavanaugh & Leiby, and Preddy, Haddad, Jutner, Hardy & Josephs, Miami, for appellee.
DOWNEY, Judge.
First Atlantic Building Corporation appeals from a judgment entered in favor of Neubauer Construction Company for $37,774.00. Neubauer has cross-appealed, contending the amount awarded was insufficient, and that it was additionally entitled to foreclosure of a mechanic's lien it had filed against First Atlantic's property.
As a result of a contract between First Atlantic and Neubauer for $120,959.00, Neubauer commenced construction on seven buildings on First Atlantic's property. During the course of construction First Atlantic became dissatisfied with Neubauer and terminated the contract and put Neubauer off the construction site. In due course Neubauer filed a mechanic's lien and sought to foreclose it, claiming First Atlantic was indebted to Neubauer in the sum of $37,615.00. The trial court found that:
1) First Atlantic revoked the contract without fault on Neubauer's part.
2) The contract price was $120,959.00. It would have cost Neubauer $60,100.00 to complete his contract and First Atlantic had already paid Neubauer $23,085.00. Thus Neubauer was entitled to recover $37,774.00 from First Atlantic.
3) Neubauer was not entitled to a mechanic's lien due to a waiver of lien clause in the contract between the parties.
4) Neubauer was not entitled to recover for material it left on the job site which material First Atlantic kept.
We conclude that the record supports the judgment as to the finding that First Atlantic breached the contract and that Neubauer is entitled to recover damages. However, the record does not support the amount of damages awarded to Neubauer nor the refusal to foreclose its mechanic's lien.
Neubauer attempted to prove its damages for breach of the contract by having its president give testimony estimating the percentage of completion of each of the buildings involved in the contract. The president testified he then added those sums together and subtracted that sum from the contract price, less the amount First Atlantic had already paid, to arrive at the sum Neubauer claimed was due it. However such testimony is not competent evidence to prove damages for breach of a construction contract. Proper proof to support a claim for damages by a contractor against an owner for breach of contract is *105 the contractor's lost profit together with the reasonable cost of labor and materials incurred in good faith in partial performance of the contract. Poinsettia Dairy Products, Inc. v. Wessel Co., 123 Fla. 120, 166 So. 306; 104 A.L.R. 216 (1936); Ballard v. Krause, 248 So.2d 233 (Fla. 4th DCA 1971); 94 Fla.Jur., Damages, § 83. Thus on the evidence presented the circuit court erred in finding that Neubauer was entitled to recover $37,615.00. We express no opinion as to what amount Neubauer may be able to prove it is entitled to on retrial.
Turning now to the cross appeal, Neubauer contends it was entitled to between $9,000.00 and $10,000.00 for certain material which it had purchased and left on the job. This contention is not supported by adequate pleadings, but there was evidence adduced that the value of this material was between $9,000.00 and $10,000.00. Since the question of damages must be tried again, the trial court can entertain amendments to the pleadings and retry this issue also.
Next, the trial court held in its final judgment that Neubauer was not entitled to a lien "due to the waiver of lien clause in the contract". The controversial provision in question is:
"Contractor will save and keep the building or buildings referred to in this Agreement and the lands upon which they are situated free from all Mechanic's Liens and other liens by reason of his work or of any materials or other things used by him therein. If the Contractor fails to remove the lien by bonding it or otherwise the Owner may retain sufficient funds, out of any money due or thereafter to become due by Owner to the Contractor, to pay the same and all costs incurred by reason thereof and may pay said lien or liens and costs out of any funds at any time in the hands of Owner owing to Contractor. The Contractor agrees that if it purchases any material from any material man who files a notice of intention to claim a lien with the Owner, then the Owner shall have the right to pay to the material man filing the notice of intention to claim a lien all sums of monies claimed to be due to the material man and such payments by the Owner shall constitute payment on account of the Contractor."
Because the foregoing provision contains no clear waiver of Neubauer's right to file a mechanic's lien, we do not believe that provision constitutes a waiver by Neubauer of its right to file a lien for the labor and materials it furnished to First Atlantic, since any ambiguity is to be resolved against a waiver. Orlando Central Park, Inc. v. Master Door Company of Orlando, Inc., 303 So.2d 685 (Fla. 4th DCA 1974). However, for aught we know there may be other reasons why the trial court may find Neubauer is not entitled to a mechanic's lien. Therefore, on retrial the trial court should consider the question of Neubauer's entitlement to a mechanic's lien and the foreclosure thereof.
Finally, First Atlantic contends it was entitled to have the court award it attorney's fees. First Atlantic argues first that Neubauer failed to obtain the relief it sought (foreclosure of its mechanic's lien) and instead merely obtained the award of a money judgment for breach of contract; therefore, First Atlantic is entitled to attorney's fees as the prevailing party. We reject this position. By proving that First Atlantic breached the contract Neubauer became the prevailing party. Emery v. International Glass & Mfg., Inc., 249 So.2d 496 (Fla. 2d DCA 1971).
Second, First Atlantic argues that under the following provision of the contract between the parties, it was entitled to the award of attorney's fees without regard to who prevailed in the litigation between the parties:
"17. In the event that any action is instituted against the Owner either by the Contractor or by any persons claiming privity with him such as material men or laborers. Then and in that event, the Contractor shall be responsible for the payment of reasonable attorney's fees expended by the Owner in defending such. In the event the Owner institutes or *106 maintains an action to enforce this Agreement or any part hereof or any obligations covered under this Agreement, either in an original action or in an action brought by anyone else, then the Contractor agrees to pay an attorney's fee to the Owner."
We reject this argument for the following reason. The trial court found that First Atlantic breached the contract in question. It would be an anomaly to permit a party who breaches a contract to rely on the same contract to reimburse it for expenses, such as attorney's fees, which arose out of the breach. Thus, the trial court's refusal to allow First Atlantic attorney's fees in the trial court was proper. Cf. Federal Home Loan Mortgage Corporation v. Taylor, 318 So.2d 203, 209 (Fla. 1st DCA 1975).
Accordingly, the judgment appealed from is affirmed as to the question of First Atlantic's liability for breach of contract and reversed and remanded for a new trial as to the following issues: 1) the amount of Neubauer's damages for First Atlantic's breach of contract; 2) whether Neubauer is entitled to damages for the materials it left on First Atlantic's property; and 3) whether Neubauer is entitled to foreclose a mechanic's lien on First Atlantic's property. In all other respects the judgment appealed from is affirmed.
AFFIRMED in part; REVERSED in part; and REMANDED.
ALDERMAN, C.J., and GREEN, OLIVER L., Associate Judge, concur.