367 So.2d 691 (1979)
Robert TROUP, Appellant,
v.
Jerry HEACOCK, D/B/a J.M. Heacock Insurance, Inc., Appellee.
No. JJ-428.
District Court of Appeal of Florida, First District.
February 7, 1979.
Jason G. Reynolds, Daytona Beach, for appellant.
Larry Mark Polsky, Daytona Beach, for appellee.
MELVIN, Judge.
Robert Troup appeals from a final judgment entered against him and in favor of Jerry Heacock, d/b/a J.M. Heacock Insurance, Inc., and also from a final judgment that enjoined Troup from competing in the sale of life or health insurance policies in the Volusia County area, excluding New Smyrna Beach and cities west of Daytona Beach and their service areas, for a period beginning April 25, 1978, and ending April 24, 1980.
*692 Heacock and Troup entered into an employment contract whereby Troup was to sell insurance for Heacock. This contract was subject to termination at the will of Heacock, contained no provision for training for Troup, and no requirement with reference to the amount or quota of insurance to be sold. Under the contract, Troup was to receive $125 weekly as a draw. The contract did not provide that the weekly draw could be reduced. The contract also provided:
"(e) That, should MR. ROBERT TROUP either quit or be fired from his job with JERRY HEACOCK, d/b/a J.M. HEACOCK INSURANCE, INC., during, this indefinite period of between January 2, 1977 and whenever, that ROBERT TROUP hereby agrees not to compete in the sale of any of the aforedescribed types of insurance in the Volusia-Flagler County area for a period of three (3) years without prior written consent of JERRY HEACOCK, d/b/a J.M. HEACOCK INSURANCE, INC."
The contract was drawn by J.M. Heacock and, therefore, the ambiguities contained therein are to be construed against him and in favor of Robert Troup. This contract is not enforceable against Robert Troup. We find that Jerry Heacock breached the same by reducing the $125 weekly draw provided for in the agreement to the sum of $100 per week, and then later to $50 per week, all without the consent of Robert Troup. Thereafter, for whatever reason that was pleasing to Jerry Heacock, he fired Robert Troup. Having unilaterally reduced the amount stipulated for Troup's weekly draw, such action had the legal effect of releasing Troup from any obligation to Heacock. 7 Fla.Jur. "Contracts", Sections 164, 175.
The contract having been materially altered and breached by Jerry Heacock, it follows that the judgment herein appealed from, which represented Heacock's claim for reimbursement for sums paid Troup while in the employ of Heacock is reversed.
The injunction order referred to is contrary to equity and, if allowed to stand, would result in inverse peonage. Therefore, the same is also reversed with directions that as to each asserted claim by Heacock, judgment be entered in favor of Troup.
McCORD, C.J., and BOOTH, J., concur.