404 So.2d 841 (1981)
SAMPLEY ENTERPRISES, INC., Appellant/Cross Appellee,
v.
Everett LAURILLA, a/k/a Everett W. Laurilla, and His Wife, Margaret W. Laurilla, Appellees/Cross Appellants.
No. 80-181.
District Court of Appeal of Florida, Fifth District.
October 14, 1981.
Roger A. Kelly of Fishback, Davis, Dominick & Bennett, Orlando, for appellant/cross appellee.
Jack A. Nants, Orlando, for appellees/cross appellants.
ORFINGER, Judge.
Appellant, as plaintiff, filed suit against appellee for breach of a construction contract. Appellant, as general contractor, *842 and the appellees, as owners, entered into a written agreement whereby appellant agreed to build a bowling center for the appellees at a total contract price of $292,815. The trial court, after a non-jury trial, found that appellees had breached the contract, and awarded damages to appellant for an amount equal to its "out-of-pocket" expenses. Appellant's motion for rehearing, alleging that it was entitled to lost profits, not only its out-of-pocket expenses, was denied and this appeal followed. Appellees' cross appeal the determination they, rather than appellants, breached the contract.
Who breached the contract here is a factual determination. On disputed facts, the trial court found that it was appellees who had breached the contract, not the appellant, and we will not disturb that finding on appeal where there is competent substantial evidence to support the trial court's conclusion. Raulerson v. Metzger, 375 So.2d 576 (Fla. 5th DCA 1979). The finding that appellees breached the contract is affirmed.
The rule of law regarding damages to be awarded for anticipatory breach of contract was stated long ago in Sullivan v. McMillan, 26 Fla. 543, 8 So. 450 (1890), viz:
Where the time for the performance of an executory contract has arrived, or where the contract is being performed, and one of the parties notifies the other unequivocally that he will not perform or further perform his part, or will not accept performance by the other, the latter may treat the contract as put to an end or entirely broken by the former, and, if ready and willing to perform his part, sue him at once for an entire breach of contract, and can recover as damages the same profits that he would have earned had he entirely performed the contract.
See also Mori v. Matsushita Electric Corporation, 380 So.2d 461 (Fla. 3d DCA 1980).
Thus, the measure of damages is the amount which the innocent party would have received if the contract had been performed, less any deductions for expenses not yet incurred. Put another way, the non-breaching party is entitled to recover the contract price less the cost to such party of performing the contract. Loss of profits is a proper measure for damages resulting from anticipatory breach of a contract. Mori. Prospective profits must be proven with reasonable certainty. Adams v. Dreyfus Interstate Development Corp., 352 So.2d 76 (Fla. 4th DCA 1977).
While an award of lost profits must be supported by evidence and cannot be based on mere speculation or conjecture, American Motorcycle Institute v. Mitchell, 380 So.2d 452 (Fla. 5th DCA 1980), it is equally well established that damages must be capable of ascertainment with only a reasonable degree of certainty. Mori. This test is satisfied if there is a reasonable basis in the evidence for computation of damages, although the result may be only approximate. Reitano v. Peninsular Building Supply Co., 262 So.2d 710 (Fla. 2d DCA 1972); 17 Fla.Jur.2d, Damages, § 18 (1980).
Profit may be established by subtracting from the contract price the total cost and expenses of labor, services and materials necessary for the non-breaching party to complete the contract. The result is the profit. Innkeepers International, Inc. v. McCoy Motels, Ltd., 324 So.2d 676 (Fla. 4th DCA 1976). The out-of pocket expenses of the non-breaching party would not represent profit, but would, at best, represent part of the cost of performance. Thus it was error for the trial court to award appellant its out-of-pocket expenses when appellant was entitled to a recovery of lost profits.
There was ample testimony submitted to the trial court upon which a determination of lost profits could have been made. Appellant presented evidence of the cost of its labor, services and materials and items of overhead necessary to complete the contract and the profit resulting therefrom. However, the computation of the damages is peculiarly within the province of the trier of the facts and we should not make the initial determination of that amount.
Having applied an incorrect principle of law, the appellant's motion for rehearing on *843 the amount of damages awarded should have been granted. Accordingly, we reverse that part of the final judgment awarding damages to appellant, with directions that the trial court determine the damages to appellant in a manner consistent with this opinion. Except as to such award of damages, the final judgment is affirmed.
AFFIRMED in part; REVERSED in part and REMANDED.
FRANK D. UPCHURCH, Jr. and COWART, JJ., concur.