427 So.2d 255 (1983)
D.D. JACKSON, a/K/a Jackson's Construction Company, Appellant,
v.
Claude RILEY and Beatrice Riley, His Wife, Appellees.
No. 82-35.
District Court of Appeal of Florida, Fifth District.
February 16, 1983.
*256 Robert G. Murrell of Sam E. Murrell & Sons, Orlando, for appellant.
Calvin J. Faucett, Orlando, for appellees.
JOHNSON, CLARENCE T., Jr., Associate Judge.
Appellant contracted with appellees to construct an addition to appellees' home for $14,619.80. The contract provided for five progress payments: $3,000 upon signing the contract and before work was started; $3,500 when all block work was completed; $3,000 after the roof was dried in; $4,000 on completion of the dry wall; and the balance of $1,119.80 upon completion of all the work.
The initial $3,000 was paid and the work begun. After the block work was completed, the appellees paid only $3,400 of the $3,500 then due and later refused to make the third progress payment. Appellant then left the job, filed his claim of lien and instituted this action to foreclose the lien. Appellees counterclaimed for damages, alleging that appellant failed to perform in a skillful and workmanlike manner, resulting in rain damage to their household furniture and fixtures, and that appellees had to secure another contractor to correct the defective work and complete the contract.
The trial court found that both parties breached the contract, but, that appellant was the prevailing party on the suit to foreclose the lien. It then awarded appellant the sum of $2,500, consisting of damages in the amount of $1,500 and attorney's fees of $1,000. It found for appellees on their counterclaim in the sum of $2,500. The court did not foreclose the lien and ruled that neither party was entitled to a final judgment for damages since the awards offset each other.
Generally, upon substantial breach of a contract, the injured party may elect to either rescind the contract and recover the value of his performance, or treat the contract as broken and seek recovery for the breach.[1] When recovery is sought for breach in a case of this nature, the proper measure of damages is the reasonable and necessary expenses, incurred in good faith in partial performance of the contract, together with the profits that would have been realized with full performance.[2] Here, appellant sought to foreclose his lien for the unpaid balance of the contract price, less the cost to appellant to complete the contract, and made little attempt to prove at trial his expenses and profits, as required. The court obviously found that appellees had breached the contract by failing to make the progress payments when due, since that was the only breach claimed by appellant. We do not know how the trial court reached the figure of $1,500 it awarded to appellant. The record does not support it and the proof of damages was inadequate.
In their counterclaim, appellees sought recovery for rain damage to furniture and fixtures, for monies expended to *257 repair faulty work by appellant and for monies expended to complete the construction. There was no evidence before the court of any monetary loss arising from the alleged rain damage to appellees' furniture and fixtures. There was no evidence before the court of any repair estimates or specific sums paid or agreed to be paid to correct appellant's allegedly defective work. Since there was no proof of these matters, we assume that the trial court's damage award on the counterclaim was to reimburse appellees for a portion of the monies expended by them in completing the construction. This is not a proper element of damage for a breaching party. While a property owner defending an action by a contractor to foreclose a mechanics lien is entitled to a set-off for expenses incurred in correcting defects due to faulty construction,[3] a party who has breached a contract by failing to pay when due, cannot successfully maintain an action for breach of the remaining contract.[4]
REVERSED AND REMANDED for a new trial.
COBB and COWART, JJ., concur.
NOTES
[1] Hustad v. Edwin K. Williams & Co.  East, 321 So.2d 601 (Fla. 4th DCA 1975).
[2] Poinsettia Dairy Products, Inc. v. Wessel Co., 123 Fla. 120, 166 So. 306 (1936); Fidelity and Deposit Co. of Maryland v. Accel, Inc., 354 So.2d 424 (Fla. 4th DCA 1978); First Atl. Bldg. Corp. v. Neubauer Constr. Co., 352 So.2d 103 (Fla. 4th DCA 1977); Marchese v. Taylor, 252 So.2d 820 (Fla. 4th DCA 1971); Ballard v. Krause, 248 So.2d 233 (Fla. 4th DCA 1971).
[3] Dynamic Builders, Inc. v. Tull, 365 So.2d 1032 (Fla. 3d DCA 1979); Berkowitz v. Anderson & Wallace Constr. Co., Inc., 260 So.2d 551 (Fla. 3d DCA 1972).
[4] Chatlos v. Morse Auto Rentals, Inc., 183 So.2d 854 (Fla. 3d DCA 1966).