450 So.2d 533 (1984)
DIVERSIFIED COMMERCIAL DEVELOPERS, INC., Ramblewood Plaza, William A. Joyner, Joel Bowie and Fidelity & Deposit Company of Maryland, Appellants,
v.
FORMRITE, INC., et al., Appellees.
No. 82-1735.
District Court of Appeal of Florida, Fourth District.
April 4, 1984.
Rehearing Denied June 13, 1984.
*534 Nancy Little Hoffmann of Hoffmann & Burris, P.A., Fort Lauderdale, for appellants.
Jesse S. Faerber of Fenster & Faerber, Plantation, for appellee.
GOLDMAN, MURRAY, Associate Judge.
This is an appeal from an amended final judgment entered in favor of the Plaintiff below after a non-jury trial. Plaintiff sought damages from all Defendants for breach of contract, open account, unjust enrichment and imposition of an equitable lien. The trial court found that the contract had been breached[1] and that Plaintiff was entitled to an equitable lien on the surety bond posted by Defendant Diversified. A judgment in the amount of $41,347.00 was entered against all Defendants, together with prejudgment interest.
Defendants have raised four points on appeal.[2] First, Defendants urge that there was no basis to support the imposition of an equitable lien; Second, that there was no proper proof of damages, and third, that it was error to award prejudgment interest.

IMPOSITION OF EQUITABLE LIEN
Plaintiff sought the imposition of an equitable lien based upon alleged material misrepresentations which caused Plaintiff to forego its statutory lien rights. There seems little dispute that such a lien arises only upon proof of misrepresentation, fraud or other affirmative deception. Largo Hospital Owners Ltd. v. International Glass & Manufacturing Co., 410 So.2d 518 (Fla. 2d D.C.A. 1981); Rinker Materials Corp. v. Palmer First National Bank and Trust Company of Sarasota, 361 So.2d 156 (Fla. 1978).
It is axiomatic that we are not to substitute our judgment for that of the trial judge as long as there is sufficient competent evidence to support his decision. The record discloses such evidence, and accordingly the trial court's imposition of an equitable lien is affirmed.

DAMAGES
Defendants urge that the trial court erred in entering judgment for breach of contract since there was no proper proof of damages based on a breach of contract. We agree.
Plaintiff's testimony was that the value of the contract work completed was $90,720.00 plus $7,996.00 in extra work, making a total of $98,716.00. From this, Plaintiff deducted $5,821.00 as an allowance for work Defendants had to complete on the project. This left a balance of $41,347.00 which is the sum the trial court awarded as damages.
*535 The measure of damages for a breach of a construction contract was addressed in First Atlantic Building Corporation v. Neubauer Construction Co., 352 So.2d 103 (Fla. 4th D.C.A. 1977), wherein this Court stated:
"Neubauer attempted to prove its damages for breach of the contract by having its president give testimony estimating the percentage of completion of each of the buildings involved in the contract. The president testified he then added those sums together and subtracted that sum from the contract price, less the amount First Atlantic had already paid, to arrive at the sum Neubauer claimed was due it. However, such testimony is not competent evidence to prove damages for breach of a construction contract. Proper proof to support a claim for damages by a contractor against an owner for breach of contract is the contractors lost profit together with the reasonable cost of labor and materials incurred in good faith in partial performance of the contract. Poinsettia Dairy Products Inc. v. Wessel Co., 123 Fla. 120, 166 So. 306, 104 A.L.R. 216 (1936); Ballard v. Krause, 248 So.2d 233, (Fla. 4th D.C.A. 1971); 94 Fla.Jur., Damages, § 83."
This rule was again noted by this Court in Fidelity & Deposit Company of Maryland v. Accel, Inc., 354 So.2d 424 (Fla. 4th D.C.A. 1978). The proof at trial in the latter case was virtually identical to the proof presented to the trial judge below, and in reversing the damage award, this Court noted:
"The rule has been frequently stated in this jurisdiction that the measure of damages in a suit by a contractor against an owner for breach of contract when the contract has not been fully completed is either quantum meruit or the contractors lost profit together with the reasonable cost of labor and materials incurred in good faith in the partial performance of the contract."
This rule has been adopted by our sister courts. See D.D. Jackson v. Riley, 427 So.2d 255 (Fla. 5th D.C.A. 1983); Perry v. O.S.B. Construction Inc. 430 So.2d 985 (Fla. 3rd D.C.A. 1983).
The evidence presented in this case failed to establish Plaintiff's lost profits or the reasonable cost of labor and materials incurred in partial performance of the contract, and therefore the judgment must be reversed and remanded for a new trial on the issue of damages.

PREJUDGMENT INTEREST
Since this case must be retried on the issue of damages, it is necessary to address Defendants last point on appeal.
The trial judge awarded prejudgment interest from the date of default. This decision is well founded in the law of this state. In Nationwide Mutual Insurance Company v. Griffin, 222 So.2d 754 (Fla. 4th D.C.A. 1969) this Court held that an award of prejudgment interest was proper even though Defendant in good faith disputed both the amount of the debt and its obligation to pay.
In Parker v. Brinson Construction Company, 78 So.2d 873 (Fla. 1955) the Supreme Court noted: "This Court has long recognized that in actions ex contractu it is proper to allow interest at the legal rate from the date the debt was due... The fact that there is an honest and bona-fide dispute as to whether the debt is actually due has no bearing on the question."
The same result was reached by this Court in Tech Corporation v. Permutit Company, 321 So.2d 562 (Fla. 4th D.C.A. 1975) and English and American Insurance Company v. Swain Groves Inc., 218 So.2d 453 (Fla. 4th DCA 1969). In the Swain case, it was stated:
"In actions ex contractu it is proper to allow interest at the legal rate from the date the debt was due. The fact that there is an honest and bona fide dispute as to whether the debt is actually due has no bearing on the question. If it is finally determined that the debt was due, the person to whom it was due is entitled not only to the payment of the principal *536 of the debt but also to the interest at the lawful rate from the date due thereof... Whenever a verdict liquidates a claim and fixes it as of a prior date, interest should follow from that date."
The matter of prejudgment interest was also considered by our sister court in Posner v. Flink, 393 So.2d 1140 (Fla. 3rd D.C.A. 1981), wherein it was held that in actions ex contractu, prejudgment interest is appropriately added to unliquidated damages where the trier of fact chooses to assess it.
In the action herein the date of breach is clearly ascertainable as is the amount of damage upon proper proof. The award of prejudgment interest is proper once the trial judge, upon rehearing, determines the proper amount of damages due to the plaintiff.
Accordingly, this cause is affirmed in part, reversed in part, and remanded for a new trial on the issue of damages only.
GLICKSTEIN and WALDEN, JJ., concur.

ON MOTION FOR REHEARING
PER CURIAM.
Motion for rehearing is denied.
WALDEN, J., and GOLDMAN, MURRAY, Associate Judge, concur.
GLICKSTEIN, J., concurs in part and dissents in part with opinion.
GLICKSTEIN, Judge, concurring in part and dissenting in part.
I agree our affirmance of the trial court's judgment was correct, but with one exception. Upon further reflection, I do not believe the date of default  September 27, 1978  is also the correct due date for the damages.
In the original opinion we quoted English and American Insurance Company v. Swain Groves, Inc., 218 So.2d 453, 457 (Fla. 4th DCA 1969). The quoted excerpt approves assessment of prejudgment interest from the date a debt was due. I submit the date of breach and due date of damages are not automatically the same.
In a time-honored case, the Florida Supreme Court has said prejudgment interest is allowable after a demand of payment of an unsettled claim, for goods supplied or services rendered, from the time of the demand; and where the demand sued for is a money debt, from the time the debt became legally due and payable. Brite v. Orange Belt Securities Company, 133 Fla. 266, 275-76, 182 So. 892, 896 (1938).
In the instant case it cannot be said the oral contract called for all payments to fall due immediately on default. Appellee requested, by letter, following the breach, that the previously unrequisitioned balance, which it simultaneously itemized, be paid by October 10, 1978, and the retainage be paid by November 10, 1978. I would instruct the court to make prejudgment interest retroactive to November 10, 1978, on any damages up to the amount of the retainage, and to October 10, 1978, on any additional amount of damages.
NOTES
[1] Defendants do not contest this issue. Further, the trial court did not rule or enter judgment on the claims for open account or unjust enrichment.
[2] Defendants did not argue and we find no merit in point III, that the trial court erred in entering judgment against Defendants, Bowie and Joyner, individually.