GLICKSTEIN, Judge,
concurring specialty-
As I understand counsel’s theory of his charging lien, the “recovery” which he obtained was the early bifurcated final judgment sought because of the bad health of the husband. I am not convinced that such constitutes a “recovery,” which finding, in my view, is the keystone of the majority opinion. However, I believe that an affirmance is warranted for the reason recited in the majority’s footnote; namely, the existence of an equitable lien.
Such remedy protects counsel from the parties’ looking after themselves at his expense. Some of Judge Hurley’s opinion, in Plotch v. Gregory, 463 So.2d 432, 436 (Fla. 4th DCA 1985), seems apt, wherein he noted:
“The equitable lien is a remedial device of considerable flexibility adaptable to a wide variety of circumstances.” Boyer and Katun, The Equitable Lien in Florida, 20 U.Miami L.Rev. 731 (1966). “Such liens may arise from written contracts which show an intention to charge some particular property with a debt or obligation, or they may be declared by a court of equity out of general considerations of right and justice as applied to the relations of the parties and the circumstances of their dealings.” [1] Ross v. Gerung, 69 So.2d 650, 652 (Fla.1954); see generally Jones v. Carpenter, 90 Fla. 407, 106 So. 127 (1925); Tucker v. Prevatt Builders, Inc., 116 So.2d 437 (Fla. 1st DCA 1959).

 The basis of equitable liens may be estoppel or unjust enrichment. Blumin v. Ellis, 186 So.2d 286 (Fla. 2d DCA 1966). However, in order to prevail on an estoppel theory, there must be evidence of fraud, misrepresentation, or other affirmative deception. Rinker Materials Corp. v. Palmer First National Bank & Trust Co. of Sarasota, 361 So.2d 156 (Fla.1978); Diversified Commercial Developers, Inc. v. Formrite, Inc., 450 So.2d 533 (Fla. 4th DCA 1984).