525 So.2d 910 (1988)
Irwin Stanley BROOKS a/K/a I. Stanley Brooks, a/K/a Stanley Brooks, and Harriet K. Brooks, His Wife, Appellants,
v.
Dick HOLSOMBACH, Appellee.
Nos. 4-86-1527, 4-86-2123 and 4-86-3029.
District Court of Appeal of Florida, Fourth District.
April 6, 1988.
On Motion for Clarification June 13, 1988.
*911 Steven M. Siegfried and Peter H. Edwards, of Siegfried, Kipnis & Rivera, P.A., Coral Gables, for appellants.
Robert E. Ferris, Jr., of Gustafson, Stephens, Ferris, Forman & Hall, P.A., Fort Lauderdale, for appellee.
LETTS, Judge.
Before us is a controversy between a builder and a homeowner over a final invoice, for approximately $27,000, submitted by the builder after he quit during the construction of a custom residence. The jury verdict was in favor of the builder, but we reverse the final judgment predicated on that verdict.
There are a myriad of facts and circumstances which have played a part in this long drawn out struggle already involving two trials. However, we only explicate those which in our view dictate the result.
Many disagreements arose between the owner and the builder and when the job was 80% complete, according to the institutional pay out schedule, there came a parting of the ways. At this juncture the builder's final invoice was, based on the "balance due on 80% draw," or in other words on the percentage of completion. The owner argues that percentage of completion is not the proper method to prove damages for breach of a construction contract. We agree and echo a former decision of this court to the effect that the true measure of damages is either quantum meruit or the contractor's lost profit together with the reasonable cost of labor and materials incurred in good faith in the course of partial performance of the contract. Diversified Commercial Developers, Inc. v. Formrite, Inc., 450 So.2d 533 (Fla. 4th DCA 1984), and Fidelity & Deposit Co. of Maryland v. Accel, Inc., 354 So.2d 424 (Fla. 4th DCA 1978).
The builder argues that the figures presented at trial do in fact represent the formula stated in the above cited cases, but we can find no basis in the record to support this argument. To the contrary, the jury verdict was to the penny precisely the figure requested in the builder's final invoice which was based on the percentage of completion. Accordingly, we reverse and remand for a new trial.
There can be no doubt but that the attorney's fees involved in this controversy must have long since eclipsed the amount at issue. We hope this sad truth will prevent a third go around. In that same vein, both sides seek attorneys fees for this appeal based on the mechanics' lien statute. We elect to postpone any such award pending the final outcome of this controversy.
*912 ANSTEAD, J., and OWEN, WILLIAM C., Jr. (Retired), Associate Judge, concur.

ORDER ON APPELLEE'S MOTION FOR CLARIFICATION
BY ORDER OF THE COURT:
In view of the attendant circumstances, this court is of the opinion that the question of damages and liability are inseparable.
Accordingly, this cause should be retried on all issues previously presented in the trial court.