569 So.2d 845 (1990)
MARSHALL CONSTRUCTION, LTD. and the Continental Insurance Company, Appellants,
v.
COASTAL SHEET METAL & ROOFING, INC., Appellee.
No. 90-878.
District Court of Appeal of Florida, First District.
November 6, 1990.
*846 J. Craig Knox of Fuller, Johnson & Farrell, Tallahassee, and Richard H. Powell, Fort Walton Beach, for appellants.
Bill R. Hutto of Hutto, Nabors, Bodiford & Warner, Panama City, for appellee.
WOLF, Judge.
The appellant, Marshall Construction Company, appeals the final judgment entered by the trial court following a non-jury trial in which Coastal Sheet Metal & Roofing, Inc. was awarded damages for breach of contract. Appellant raises three issues on appeal, two of which merit discussion: (1) Whether the trial court erred in awarding damages to Coastal; and (2) whether the trial court erred in finding that Marshall had breached the contract. We find no substantial competent evidence to support the conclusions that Marshall breached the contract, or that Coastal was entitled to the damages awarded. We, therefore reverse the judgment of the trial court.
On February 20, 1988, Marshall entered into a general contract with the State of Florida for the repair and replacement of the roofs of buildings 51, 52 and 53 at Florida State Hospital in Chattahoochee, Florida, for the sum of $239,095. The contract called for substantial completion within 120 days after the date of the notice to proceed and final completion within 30 days after the date of substantial completion. This contract required Marshall to pay liquidated damages in the event the contract was not completed within the time specifications. In March of 1988, Marshall and Coastal entered into an oral contract to replace the roofs of buildings 51, 52 and 53. Coastal was to perform the work. Marshall was to receive $7,265 for its bond premium and for its fee, and Coastal was to receive the balance of Marshall's contract with the state. The roofs were to be replaced according to the specifications of the architect. Notice to proceed was received by Coastal on March 28, 1988, and Coastal was given 120 days for substantial completion and an additional 30 days for final completion.
*847 A problem developed with the roofing system installed in building 51 because water had penetrated the roof insulation. Both parties agreed that the new roof on the east wing of building 51 was defective and would have to be replaced. Coastal admitted that it could not afford to proceed with the work and could not repair the defective roof unless it was paid by Marshall for the work already completed. On June 15, 1988, Coastal stopped work on the project. Marshall requested several times that Coastal continue the work, and Coastal refused to work until it was paid. On June 24, 1988, Marshall ordered Coastal off the job, and hired someone else to complete the work.
Coastal filed a complaint against Marshall seeking damages for breach of an oral contract, alleging that Marshall wrongfully discharged Coastal from the contract prior to completion of construction. Coastal claimed that it was entitled to the performance bond issued to Marshall by the Continental Insurance Company on the roofing project. Marshall filed a counterclaim seeking damages for Coastal's breach of contract and negligent workmanship.
Under Florida law, the proper measure of damages in a breach of contract action by a subcontractor against the contractor, where the contract has not been fully performed, is either quantum meruit, or the subcontractor's lost profit in addition to an amount representing the reasonable cost of labor and materials incurred in good faith in the partial performance of the contract. Diversified Commercial Developers, Inc. v. Formrite, Inc., 450 So.2d 533 (Fla. 4th DCA 1984). The damages must be shown with a degree of certainty that satisfies the mind of a prudent impartial person and cannot be left to speculation and conjecture. Conner v. Atlas Aircraft Corp., 310 So.2d 352 (Fla. 3d DCA 1975), cert. denied 322 So.2d 913 (Fla. 1975); Ballard v. Krause, 248 So.2d 233 (Fla. 4th DCA 1971).
In Sampley Enterprises, Inc. v. Laurilla, 404 So.2d 841 (Fla. 5th DCA 1981), the court held it was proper to award lost profits where testimony was presented showing not only the amount the party would have received had the contract been performed, but also the amounts of any expenses not yet incurred. The difference between these two amounts was the anticipated profit. In Sampley Enterprises, Inc., the testimony included sufficient evidence as to the cost of labor, services, materials, and items of overhead incurred prior to the breach. See also Adams v. Dreyfus Interstate Dev. Corp., 352 So.2d 76 (Fla. 4th DCA 1977). In Adams, the contractor testified as to the balance due on the contact price for work yet to be performed and the remaining expenses to the contractor to complete the contract, including testimony as to how the contract price was determined and the amount charged per unit of work, thereby sufficiently establishing future profits.
In the instant case, Coastal failed to adequately prove either lost profits or costs incurred. The sole evidence as to damages was the testimony of Coastal's president. The president, Jim Jones, stated only that Coastal was owed $48,667 at the time work ceased. This figure was based solely upon the amount of money Marshall had received from the State. Jones provided no evidence as to the reasonable or market value of labor, services, or materials actually furnished by Coastal at the time the contract was terminated.
Jones also testified that the company would have received a profit consisting of 10 percent of the contract price based upon its bid. This evidence standing alone is legally insufficient to support an award of lost profits. See U.S. Home Corp. v. Suncoast Utilities, Inc., 454 So.2d 601 (Fla. 2d DCA 1984) (where the only evidence of profit was an estimate based upon a percentage of the contract price which the court rejected as speculation).[1] Without *848 evidence of Coastal's expenditures up to the time it left the job, and an amount for reasonably expected expenditures had the job been completed, there is no way for a prudent impartial person to determine whether Coastal would have earned any profit. Evidence based upon a percentage of work completed and work yet to be performed is legally insufficient to support a damages award. See Brooks v. Holsombach, 525 So.2d 910 (Fla. 4th DCA 1988).
It is a well-settled contract principle that unexpected difficulty, expense, or hardship does not excuse a party from performance of its obligations under a contract. See Bumby & Stimpson, v. Peninsula Utilities Corp., 169 So.2d 499 (Fla. 3d DCA 1964). Additionally, in order to maintain an action for breach of contract, a claimant must first establish performance on its part of the contractual obligations imposed in the contract. Babe, Inc. v. Babies Formula Serv., Inc., 165 So.2d 795 (Fla. 3d DCA 1964).
It is undisputed that Coastal failed to install the roofing system on the east wing as required under the contract. When Coastal refused to repair the roof without further payment, it committed a material breach. Marshall was entitled to treat the breach as a discharge of its duty to pay Coastal until such time as Coastal repaired the defective roof and fulfilled its contractual duties. See Beefy Trail, Inc. v. Beefy King Int'l, Inc., 267 So.2d 853 (Fla. 4th DCA 1972); Troup v. Heackcock, 367 So.2d 691 (Fla. 1st DCA 1979). In light of the fact that the terms of the contract required substantial completion by July 25, 1988, and that Coastal refused to return to work until it was paid, Marshall was completely justified in determining that a material breach had occurred and ordering Coastal off the job.
We find no substantial, competent evidence to support a finding that Marshall breached the contract. The undisputed evidence demonstrates that Coastal committed a material breach of the contract. This breach excused Marshall's obligation to pay Coastal until the roof was repaired. We therefore reverse and remand for a new trial on damages and liability.
WIGGINTON and MINER, JJ., concur.
NOTES
[1] The case of Edward L. Nezelek, Inc. v. Southern Bell Telephone and Telegraph Co., 383 So.2d 979 (Fla. 4th DCA 1980), relied upon by appellee for the proposition that bid estimates are sufficient to demonstrate lost profits, is inapplicable to the facts of this case. In Nezelek, the bid preparation papers were entered into evidence, and there was testimony that the bid estimates were based on actual costs. No such evidence was presented in the instant case.