595 So.2d 1003 (1992)
ROBERT A. HUGGINS GENERAL CONTRACTOR, INC., Appellant,
v.
N.B. WILLOUGHBY, Appellee.
No. 91-1099.
District Court of Appeal of Florida, Fifth District.
March 6, 1992.
Rehearing Denied March 31, 1992.
*1004 Kevin F. Foley of Maguire, Voorhis & Wells, P.A., Orlando, for appellant.
Robert G. Murrell of Sam E. Murrell & Sons, Orlando, for appellee.
COBB, Judge.
Huggins, a general contractor, was sued by a subcontractor, Willoughby, for breach of a construction contract. Willoughby contended Huggins failed to pay for work performed, and that he prevented Willoughby from completing performance. The written contract between the parties was a simple one in the form of a purchase order delivered from Huggins to Willoughby. It listed nine "work" items (i.e., excavate lake, strip and haul, dig retention, paving, develop Thorpe Road, develop Taft Vineland, final grade, storm drainage pipe, and install inlets) and a price for each, totaling $751,304.00 (although not totaled on the order form).
For work performed Willoughby submitted three invoices in the respective amounts of $70,945.00, $970.00, and $22,543.00, a total of $94,458.00. At trial Willoughby testified that the latter sum represented the reasonable value of labor, services and materials furnished up to the point he left the job. He also claimed lost profit of twenty percent of the balance of the purchase order ($131,369.20), plus prejudgment interest ($24,559.08), for a total of $250,386.28. Huggins's motion for directed verdict on the lost profit claim was denied by the trial judge, and the jury then found that Huggins had breached the contract and that Willoughby was entitled to $259,000.00 in damages, some $8,600.00 more than Willoughby had claimed was due in his testimony.
Willoughby's trial testimony was insufficient to establish a basis for the jury to assess lost profits, and Huggins' motion for a directed verdict in respect thereto should have been granted by the trial judge. This was not a "cost-plus" contract where one party is entitled to a designated percentage for profit over and above his costs. Damages or lost profits ensuing from breach of a construction contract such as the instant one cannot be established simply by a "bare bones" percentage estimate of the balance due on the uncompleted contract. See Marshall Const., Ltd. v. Coastal Sheet Metal & Roofing, Inc., 569 So.2d 845 (Fla. 1st DCA 1990); Brooks v. Holsombach, 525 So.2d 910 (Fla. 4th DCA 1988); Douglass Fertilizers & Chemical, Inc. v. McClung Landscaping, Inc., 459 So.2d 335 (Fla. 5th DCA 1984); U.S. Home Corp. v. Suncoast Utilities, Inc., 454 So.2d 601 (Fla. 2d DCA 1984); First Atlantic Bldg. Corp. v. Neubauer Const. Co., 352 So.2d 103 (Fla. 4th DCA 1977).
Lost profit may be established by subtracting from the contract price the total costs and expenses of labor, services and materials necessary for the non-breaching party to complete the contract. Sampley Enterprises, Inc. v. Laurilla, 404 So.2d 841, 842 (Fla. 5th DCA 1981). That evidence was not presented in the instant case by Willoughby, and that omission is fatal to his claim for lost profits. For all that is shown by the trial record in this case, it is entirely possible that the costs of completing the work prescribed by the contract would have exceeded the balance due, thereby negating any anticipated profit.
Accordingly, we reverse and remand for entry of judgment for the appellee, Willoughby, in the amount of $94,458.00 plus interest of $24,559.08, together with the attorney fees award made pursuant to section 713.29, Florida Statutes (1989), and costs.
REVERSED AND REMANDED.
GOSHORN, C.J., and RICHARDSON, E.J., Associate Judge, concur.