619 So.2d 6 (1993)
INDIAN RIVER COLONY CLUB, INC., Appellant,
v.
SCHOPKE CONSTRUCTION & ENGINEERING, INC., Appellee.
No. 92-1782.
District Court of Appeal of Florida, Fifth District.
April 23, 1993.
Rehearing Denied June 9, 1993.
*7 Elting L. Storms, Melbourne, for appellant.
Tom G. Burrows of Burrows & Jester, P.A., Merritt Island, for appellee.
DIAMANTIS, Judge.
Appellant, Indian River Colony Club (IRCC), appeals the award of damages to appellee, Schopke Construction & Engineering, Inc. (Schopke), following a new trial on damages as ordered by this court in Indian River Colony Club, Inc. v. Schopke Construction & Engineering, Inc., 592 So.2d 1185 (Fla. 5th DCA 1992). Appellant contends that the trial court erred in the method used to compute lost profits and in awarding prejudgment interest. We agree. Accordingly, we reverse the lower court's judgment and remand this action for entry of an amended judgment consistent with this opinion.
In the prior appeal of this action, this court upheld the trial court's determination that IRCC had breached its construction management contract with Schopke. The trial court had initially awarded Schopke $235,000, which represented the entire fixed amount of the contract less the amount already paid ($350,000 less $115,000 = $235,000) plus prejudgment interest.[1] This court reversed that award, holding that the correct measure of damages was Schopke's lost profit:
Because IRCC breached the construction management contract, Schopke is entitled to recover the amount of profit it would have earned during the remainder of the term of the contract had there been no breach. Physicians Reference Laboratory, Inc. v. Daniel Seckinger, M.D. and Associates, P.A., 501 So.2d 107, 108 (Fla. 3d DCA 1987); Golf & Racquet Club of Palm Beach, Inc. v. Campbell-Dickey Advertising, Inc., 259 So.2d 192, 193 (Fla. 4th DCA 1972); Ballard v. Krause, 248 So.2d 233, 234 (Fla. 4th DCA 1971). The burden of establishing profit as if there had been no breach of the contract is on Schopke. Ballard, 248 So.2d at 234. Damages cannot be based purely and simply upon the entire balance of the contract price to which Schopke would have been entitled upon full performance. Golf & Racquet Club, 259 So.2d at 193. In order to prove its prospective lost profits, Schopke must show its total costs and expenses necessary to perform the contract and then deduct that sum from the balance owing on the contract price. Physicians Reference Laboratory, 501 So.2d at 109; Ballard, 248 So.2d at 234.
In arriving at its deductible expenses and costs to determine lost profits, Schopke must deduct the actual supervisory salary paid or, if no salary is paid, the reasonable value of the supervisory services that would have been attributable to performing the contract. Southern Bell Telephone and Telegraph Company v. Kaminester, 400 So.2d 804, 807 (Fla. 3d DCA 1981). See also Ad-Advantage Telephone Directory Consultants, Inc. v. GTE Directories Corp., 849 F.2d 1336, 1351-52 (11th Cir.1987), on appeal after remand, 943 F.2d 1511 (11th Cir.1991). Additionally, Schopke must also deduct any other operating expenses and costs, such as its home office expenses and overhead, which were not reimbursable. Physicians Reference Laboratory, 501 So.2d at 109; American Motorcycle Institute, Inc. v. Mitchell, 380 So.2d 452, 453 (Fla. 5th DCA 1980); Ballard, 248 So.2d at 234.
*8 Indian River Colony Club, Inc. v. Schopke Construction & Engineering, Inc., 592 So.2d 1185, 1187 (Fla. 5th DCA 1992) (emphasis added).
At the new trial on damages, Schopke presented evidence as to his overhead expenses and salary only for the period of September 15, 1988 (the date of the breach), through August 31, 1990 (the end of the contract term). Schopke presented no evidence as to overhead expenses or salary for the contract period prior to the breach (October 1987 through September 15, 1988). The trial court apparently relied upon the language in this court's prior opinion that "Schopke is entitled to recover the amount of profit it would have earned during the remainder of the term of the contract had there been no breach," but completely ignored the remainder of the opinion which set forth the method and the evidence necessary for proving prospective lost profits  i.e., deduct total costs and expenses of performance (home office expenses, salary and overhead) from the balance owing on the contract. Thus, the trial court clearly erred in awarding substantial damages to Schopke when Schopke failed to produce any evidence of its total costs and expenses necessary to perform the contract. See also Robert A. Huggins General Contractor v. Willoughby, 595 So.2d 1003 (Fla. 5th DCA), rev. denied, 602 So.2d 943 (Fla. 1992); Sampley Enterprises v. Laurilla, 404 So.2d 841 (Fla. 5th DCA 1981).
As a result of this court's prior opinion remanding for a new trial on damages, we note that Schopke has had two opportunities to prove lost profits. Having failed to do so, we hold that Schopke is not entitled to yet another opportunity to prove lost profits. However, this court previously recognized that Schopke had proved that IRCC breached the contract in the prior trial. Therefore, Schopke would be entitled to nominal damages for the breach of contract by IRCC. See Continuum Condominium Ass'n. v. Continuum VI, Inc., 549 So.2d 1125 (Fla. 3d DCA 1989); Zayre Corp. v. Creech, 497 So.2d 706 (Fla. 4th DCA 1986); Muroff v. Dill, 386 So.2d 1281 (Fla. 4th DCA 1980), rev. denied, 392 So.2d 1377 (Fla. 1981). See also U.S. Home Corp. v. Suncoast Utilities, 454 So.2d 601 (Fla. 2d DCA 1984) (nominal damages appropriate where plaintiff fails to prove lost profits in breach of contract action); Beverage Canners, Inc. v. Cott Corp., 372 So.2d 954 (Fla. 3d DCA 1979) (nominal damages appropriate in breach of contract action where plaintiff failed to prove lost profits). Consequently, the trial court properly denied IRCC's motion for a directed verdict at the close of Schopke's case.[2]Price v. Southern Home Insurance Co., 100 Fla. 338, 129 So. 748 (1930); Muroff v. Dill, 386 So.2d at 1283-1284.
The record in this case indicates that IRCC presented evidence of Schopke's lost profits, which showed that the cost of performing the contract was $225,940, resulting in a profit of $124,060 on the contract. Schopke has already received $115,000 which would leave a balance of $9,060 due to Schopke.[3] Although this evidence was presented by IRCC, it is properly considered because IRCC's motion for directed verdict was properly denied and because this evidence constitutes proof of the proper measure of damages.
Breach of contract damages for lost profits constitute liquidated damages if such damages are due as of a certain date. Tech Corp. v. Permutit Co., 321 So.2d 562 (Fla. 4th DCA 1975). See also Argonaut Insurance Co. v. May Plumbing Co., 474 So.2d 212 (Fla. 1985); Bergen Brunswig Corp. v. Department of Health & Rehabilitative Services, 415 So.2d 765 (Fla. 1st DCA 1982), rev. denied, 426 So.2d 25 (Fla. 1983). In the instant case Schopke would have received his remaining profit of $9,060 as of the date that the last $10,000 monthly payment was due in the event the contract had been fully performed. Tech Corp. v. Permutit Co., 321 So.2d at 564. *9 Thus, Schopke is entitled to prejudgment interest from the date the last monthly payment was due. Schopke is also entitled to postjudgment interest on the total amount of the judgment, including prejudgment interest. Peavy v. Dyer, 605 So.2d 1330 (Fla. 5th DCA 1992).
Accordingly, we reverse the final judgment and remand this cause to the trial court to enter final judgment in favor of Schopke and against IRCC in the amount of $9,060 plus prejudgment interest[4] and taxable costs which have already been determined by the trial court.
REVERSED and REMANDED with directions.
W. SHARP, J., and WHITE, A., Associate Judge, concur.
NOTES
[1] Under the contract Schopke was to receive thirty-five monthly payments of $10,000. After 11 1/2 months IRCC terminated the contract and paid Schopke for 11 1/2 months at the $10,000 monthly rate.
[2] Because this was a nonjury trial, IRCC's motion should have been properly labeled a motion for involuntary dismissal under Rule 1.420(b), Florida Rules of Civil Procedure.
[3] IRCC conceded in oral argument that it had proved these figures.
[4] Article 15.5 of the parties' contract sets the interest rate at 1% per month from the time payment was due.