525 So.2d 474 (1988)
Paul FAIRCLOTH, et Ux., Appellants,
v.
Endre GARAM, et Ux., Appellees.
No. 87-1194.
District Court of Appeal of Florida, Fifth District.
May 19, 1988.
*475 James R. Valerino of Cotter, Uhrig, and Valerino, P.A., Orlando, for appellants.
James E. Olsen of Olsen & Olsen, Orlando, for appellees.
ORFINGER, Judge.
The plaintiffs appeal from a final judgment on the pleadings entered in favor of defendants. We reverse.
Appellants' cause of action was bottomed on a written contract by which they purchased a grocery business from appellees. In the agreement, appellees represented that they owned the property immediately adjacent to the property on which the grocery business was located and that they would construct a building of specified size on that property and lease it to appellants to use for the grocery business. The agreement further provided that in the event the building was not constructed and ready for occupancy by August 1, 1985, because actual damages to appellants would be uncertain and speculative, appellees would pay to appellants the sum of $75,000 as liquidated damages, a sum which both parties agreed was reasonable. The complaint sought compensatory and punitive damages for breach of the agreement to construct the building.
Among other defenses, appellees asserted that as a matter of law the $75,000 liquidated damage provision was an unenforceable penalty, and also that appellants were estopped from proceeding based on res judicata and estoppel by judgment. This latter defense stems from an earlier suit brought by appellants for anticipatory breach of the agreement after they learned that appellees were not the sole owners of the adjacent property but owned it in common with another person, who had refused to allow the construction of the promised building. During the progress of the earlier litigation, appellees removed the stumbling block by purchasing the interest of their co-tenant, after which a summary judgment was entered in their favor.
A motion for judgment on the pleadings as per Florida Rule of Civil Procedure 1.140(c) raises only questions of law and matters outside the pleadings cannot be considered. Whitaker v. Powers, 424 So.2d 154 (Fla. 5th DCA 1982). In considering a defendant's motion for judgment on the pleadings, all well pleaded allegations in the complaint must be accepted as true and all allegations in the answer which are automatically denied must be accepted as false, the crucial question being whether a cause of action would be established by proving the plaintiff's allegations. Yunkers v. Yunkers, 515 So.2d 419 (Fla. 3d DCA 1987); Robert L. Turchin, Inc. v. Gelfand Roofing, 450 So.2d 554 (Fla. 3d DCA 1984).
Based on these standards, appellants' complaint states a cause of action. Whether a liquidated damage clause is actually that or is a penalty depends upon whether or not the damages flowing from a breach are readily ascertainable at the time the contract is entered into, but even if the provision is determined to be a penalty, the *476 complaining party is nevertheless entitled to prove actual damages at time of breach. Hutchison v. Tompkins, 259 So.2d 129 (Fla. 1972); McNorton v. Pan American Bank of Orlando, 387 So.2d 393 (Fla. 5th DCA 1980). Thus, a judgment on the pleadings on this ground was improper.
With respect to res judicata, the exhibits attached to the amended defenses clearly indicate the inapplicability of this defense. Although the earlier suit was between the same parties and arose out of the same contract, the issues raised were not the same. The earlier suit was one for anticipatory breach, based on allegations that appellees were not the sole owners of the adjacent property, and could not comply with their obligation to construct the promised improvements on the property. Thus, the cause of action is not the same here as it was in the earlier suit and res judicata will not apply. See Albrecht v. State, 444 So.2d 8 (Fla. 1984). Neither is it an attempt to secure relief on the same facts under a different legal theory, as in Quality Type & Graphics v. Guetzloe, 513 So.2d 1110 (Fla. 5th DCA 1987).
REVERSED for further proceedings.
SHARP, C.J. and DANIEL, J., concur.