527 So.2d 849 (1988)
The TERRA GROUP, INC., Appellant,
v.
SANDEFUR MANAGEMENT, INC., a Florida Corporation, Appellee.
No. 87-1987.
District Court of Appeal of Florida, Fifth District.
June 2, 1988.
Rehearings Denied July 1, 1988.
Richard A. Burt of Kinsey, Vincent, Pyle, P.A., Daytona Beach, for appellant.
Margaret A. Wharton, Oviedo, for appellee.
DAUKSCH, Judge.
This is an appeal from a judgment in a contract case.
Appellant was one of the bidders for a contract to build a building for appellee. He was the lowest of the qualified bidders and was notified by appellee that his bid was accepted. At this point there was a contract between the parties, an agreement to enter into the formal written construction contract and for appellant to obtain a performance bond. Before the execution of the written construction contract appellee sent a letter to appellant saying in pertinent part:

*850 We are pleased to inform you that we have accepted your December 16, 1986 bid for General Contractor on the demolition, renovation and remodeling of the above referenced project.
Please proceed on providing the prescribed performance and payment bond and execute the contract agreement as soon as possible.
Although appellee says now that it is not bound to its agreement to enter into a construction contract, appellant has adequately demonstrated that appellee defaulted when it sent a letter saying in pertinent part:
In confirmation of our phone conversation today, Sandefur Management, Inc., has elected not to enter into the construction contract on the above referenced project with your firm. Their decision not to enter into the agreement with you are [sic] based solely on financial reasons.
Issues arose in the trial court regarding the provision of the performance bond. Appellee says that because appellant never provided it that appellant cannot enforce the contract. Appellant says the reason he did not get the bond is because the appellee failed to satisfy the bonding company that it was financially able to pay for the building upon completion. The bonding company required, reasonably, that appellee demonstrate it was able to pay for the building when complete. This appellee did not do, so appellant could not get the performance bond. These latter matters are not critical to the issue, however, because the breach of the contract occurred when appellee announced to appellant that it refused to enter into the construction contract.
The judgment for appellee is reversed and this cause remanded for trial as to appellant's damages.
REVERSED and REMANDED.
COBB and COWART, JJ., concur.