625 So.2d 1252 (1993)
NICO INDUSTRIES, INC. and General Insurance Company of America, Appellants,
v.
STEEL FORM CONTRACTORS, INC., Appellee.
Nos. 92-1550, 92-2641 & 92-3407.
District Court of Appeal of Florida, Fourth District.
September 15, 1993.
Rehearing Denied November 12, 1993.
Patrick A. Thompson of Smith, Currie & Hancock, Atlanta, GA, for appellants.
Marjorie Gadarian Graham of Marjorie Gadarian Graham, P.A., and Jerome R. Craft of Craft & Craft, West Palm Beach, for appellee.
KLEIN, Judge.
Appellants, a general contractor and its bonding company, appeal a final judgment for damages entered in favor of a subcontractor for work performed on a construction project. They argue that the sub did not present the kind of evidence necessary to recover damages for breach of a partially performed construction contract. We agree and reverse.[1]
The sub acknowledges that the measure of damages for breach of a partially performed construction contract is, "either quantum meruit or the contractor's lost profit together with the reasonable cost of labor and materials incurred in good faith in the course of partial performance of the contract." Brooks v. Holsombach, 525 So.2d 910, 911 (Fla. 4th DCA 1988). See also, Marshall Construction, Ltd. v. Coastal Sheet Metal & Roofing, Inc., 569 So.2d 845 (Fla. 1st DCA 1990).
The sub presented the testimony of two of its officers; however, their testimony was based on the percentage of work completed. Percentage of completion is not competent evidence to prove damages for breach of a partially performed construction contract. First Atlantic Building Corp. v. Neubauer Construction Co., 352 So.2d 103 (Fla. 4th DCA 1977). The sub also relies on an exhibit which is a payment application form prepared by the contractor in order to receive *1253 payment from the owner. This exhibit suffers from the same deficiency as the testimony of the officers because it is also based on percentage of completion.
The sub also argues that a deposition of an engineer supplies the proof; however, the engineer gave his opinion in response to being asked the "market value of that product." Moreover, his opinion only related to a portion of the work performed and did not include a deduction for items which he admitted were proper back charges. Nor did the court utilize the opinion of the expert in calculating the sub's recovery. As the sub recognizes, the court arrived at the amount due the sub by subtracting the cost to complete incomplete work from the contract price.
We therefore conclude that, there having been no proof of either quantum meruit or the reasonable cost of labor and materials plus lost profit, judgment should be entered for defendants.
Reversed.
ANSTEAD and HERSEY, JJ., concur.
NOTES
[1] We consolidate the appeals from the orders awarding attorney's fees and costs and reverse those also.