952 So.2d 1211 (2007)
The PLUMBING SERVICE COMPANY, Appellant,
v.
PROGRESSIVE PLUMBING, INC, Appellee.
No. 5D06-2012.
District Court of Appeal of Florida, Fifth District.
March 30, 2007.
*1212 Thomas P. Malone of Thomas P. Malone, P.A., Orlando, for Appellant.
Brian D. Solomon of Michael C. Sasso, P.A., Winter Park, for Appellee.
EVANDER, J.
The Plumbing Service Company (hereinafter "Plaintiff") contends the trial court erred in granting a motion for a judgment on the pleadings filed by Progressive Plumbing, Inc. (hereinafter "Defendant"). We agree.
In considering a defendant's motion for judgment on the pleadings, all well-pled allegations of the complaint must be accepted as true and all allegations in the answer which are denied must be accepted as false. Faircloth v. Garam, 525 So.2d 474 (Fla. 5th DCA 1988). The applicable standard of review of a trial court's decision granting a judgment on the pleadings is de novo review. Thompson v. Napotnik, 923 So.2d 537 (Fla. 5th DCA 2006).
In the present case, Plaintiff alleged Zom Lake Eola, Ltd. (owner) had contracted with Hardin Construction Group, Inc. (general contractor) to construct an apartment complex. Hardin was alleged to have entered into a subcontract with Defendant for the plumbing portion of Hardin's contract. Defendant was then alleged to have entered into a sub-subcontract with Plaintiff.
The paragraphs of the complaint most germane to this appeal read as follows:
8. In pursuance of completion of the subcontract referred to in paragraph 5 above, (Defendant) entered into a subcontract with Plaintiff for Plaintiff to provide labor for installation of plumbing systems for incorporation into the Project.
9. On January 15, 2001, (Defendant) provided a proposal and Letter of Commitment to Plaintiff regarding the terms of the Subcontract. A true and correct copy of the initial proposal provided to Plaintiff by (Defendant) is attached hereto as Exhibit "A". On January 15, 2001, Plaintiff countered with its own proposal regarding clarification of the terms of the Subcontract. The Plaintiff's proposal set forth the oral agreement previously made by Plaintiff and (Defendant). A true and correct copy of Plaintiff's proposal is attached hereto as Exhibit "B". (Defendant) agreed to such corrected terms and provided Plaintiff with its revised proposal on the same date. A true and correct copy of the revised proposal is attached hereto as Exhibit "C" (hereinafter the "Agreement"). (emphasis added)
10. The Agreement between (Defendant) and Plaintiff was for Plaintiff to provide labor for installation of plumbing services for incorporation into the Project's 230 units. The Plaintiff was to be paid $696.52 per unit, totaling $160,200.00. The Plaintiff would have profited $117,000 had it been able to complete its work under the Agreement.
Exhibits A, B and C referenced in paragraph 9 were attached to the complaint. These exhibits purport to be letters faxed between the parties on January 15, 2001. The significant paragraphs contained in these faxed letters were as follows:
*1213 Exhibit ALetter sent by Defendant to Plaintiff:
This letter is to inform you that we will award you a contract for the water piping, tub valve and water heater in the units at the Waverly Apartments. The price will be $650.00 per unit. If there are any questions, please call me immediately.
Exhibit BResponse letter from Plaintiff to Defendant:
Thanks for the letter of commitment. Three things. I need you to date it and sign it. I was under the understanding that the total price was going to be $160,200.00 that divided by 230 rooms comes to $696.52.
Exhibit CReply letter by Defendant to Plaintiff:
This letter is to inform you that we will award you a contract for the water piping, tub valve, and water heater in the units at the Waverly Apartments. The price will be $696.00 per unit. If there are any questions, please call me immediately.
Plaintiff further alleged that it began work on the contract on January 17, 2001. The last day Plaintiff worked on the project was January 26, 2001. It is alleged Defendant wrongfully terminated the contract with Plaintiff on that date, because Plaintiff would not agree with Defendant's attempts to change the original contract terms.
Defendant filed an Answer, denying almost all of the allegations set forth in Plaintiff's Complaint. As an affirmative defense, Defendant alleged its intent was, at some time in the future, to award a contract to Plaintiff only for "overflow" workat a rate of $696.00 per unit. In its Reply, Plaintiff specifically denied this alleged affirmative defense.
In its motion for judgment on the pleadings, Defendant argued its use of the language "we will award you a contract" in Exhibits A and C established the parties did not have a binding contract, but merely "an agreement to agree." The trial judge accepted Defendant's argument, stating:
But, it's clear that there was not a meeting of the minds here. And what there was here is an agreement to agree.
To state a cause of action for breach of contract, a Plaintiff is required to allege facts that, if taken as true, demonstrate that the parties mutually assented to "a certain and definite proposition" and left no essential terms open. W.R. Townsend Contracting, Inc. v. Jensen Civil Constr., Inc., 728 So.2d 297 (Fla. 1st DCA 1999).
In this case, Plaintiff's sufficiently alleged the existence of a binding agreement between the parties. In paragraph 9 of its Complaint, Plaintiff alleged the parties had entered into an oral agreement, the terms of which were confirmed by written correspondence (Exhibits B & C). Pursuant to Plaintiff's allegations, the "certain and definite proposition" agreed to by the parties was that Defendant would pay Plaintiff $160,200.00 to provide the water piping, tub valve and water heaters for 230 units at the Waverly Apartments.
Defendant's use of the words "we will award you a contract" in Exhibits A and C does not conclusively establish the parties merely had "an agreement to agree." To properly determine the parties' intent, the factfinder would also have to consider other communications between the parties, the nature of the relationship between the parties, the surrounding circumstances, and other factorssuch as the apparent fact that Plaintiff commenced work on the project with Defendant's knowledge. See, e.g., Blackhawk Heating & Plumbing Co., Inc. v. Data Lease Fin. Corp., 302 So.2d *1214 404 (Fla.1974); Midtown Realty, Inc. v. Hussain, 712 So.2d 1249, 1252 (Fla. 3d DCA 1998).
Finally, the law recognizes that parties can have an enforceable contract binding them to prepare and execute a subsequent agreement. W.R. Townsend Contracting, 728 So.2d at 302. See also Terra Group, Inc. v. Sandefur Mgmt., Inc., 527 So.2d 849 (Fla. 5th DCA 1988); Housing Auth. of City of Fort Pierce v. Foster, 237 So.2d 569 (Fla. 4th DCA 1970).
The effect of the trial court's decision was to wrongly deny Plaintiff the opportunity to present evidence supporting its allegation that the parties had entered into a binding agreement.
REVERSED.
TORPY and LAWSON, JJ., concur.