LAWSON, J.
 

 The Plumbing Service Company, plaintiff below, appeals a final summary judgment in favor of Progressive Plumbing, Inc., defendant below. Plaintiff was a sub-subcontractor on a construction project in Orange County, Florida. Plaintiff alleges that Defendant, a subcontractor on the project, breached its contract with Plaintiff by ejecting Plaintiff from the project before Plaintiff had time to complete most of the contracted-for work. The trial judge found that Plaintiff was barred by the election of remedies doctrine from recovering damages on its breach of contract claim because Plaintiff had already recovered the reasonable value of its labor and services rendered, and materials actually furnished, in an action against the surety who issued a payment bond on the project.
 
 See
 
 Chapter 713, Fla. Stat. (2009). We find that Plaintiffs recovery under the bond does not preclude its action against Defendant, and reverse.
 

 The facts underlying this dispute are largely outlined in a prior opinion from this court in
 
 The Plumbing Service Company v. Progressive Plumbing, Inc.,
 
 952 So.2d 1211 (Fla. 5th DCA 2007). Relevant to this appeal, Plaintiff alleges that it contracted with Defendant to complete plumbing work on 230 individual condominium units, at an agreed price of $696.52 per unit. Although Defendant disputes the existence of a binding contract, it is undisputed that Plaintiff completed work on approximately 15 of the 230 units. It is also undisputed that Plaintiff has been fully compensated for its completed work as a result of its lawsuit against the surety. Now, in this suit, Plaintiff seeks to recover its claimed lost profits on the 215 units on which it was not allowed to work. Both parties agree this last measure of potential damages — lost profits on work not completed — was not available in the chapter 713 action against the surety.
 

 “The election of remedies doctrine is an application of the doctrine of estoppel and operates on the theory that a party electing one course of action should not later be allowed to avail himself of an incompatible course.”
 
 Barbe v. Villeneu
 
 
 *146
 

 ve,
 
 505 So.2d 1331, 1332 (Fla.1987) (citations omitted). “The purpose of the doctrine is to prevent a double recovery for the same wrong.”
 
 Id.
 
 And, “the election of remedies doctrine applies only where the remedies in question are coexistent and inconsistent.”
 
 Id.
 
 The doctrine does not apply where “ ‘the law affords several distinct, but not inconsistent, remedies for the enforcement of a right[.]’ ”
 
 Id.
 
 at 1333 (quoting
 
 American Process Co. v. Florida White Pressed Brick Co.,
 
 56 Fla. 116, 122, 47 So. 942, 944 (1908)). In the case of consistent remedies, “ ‘the mere election or choice to pursue one of such remedies does not operate as a waiver of the right to pursue the other remedies’ ” unless a plaintiff receives “ ‘full satisfaction’ ” in the first cause.
 
 Id.
 
 (quoting
 
 American Process Co.,
 
 47 So. at 944).
 

 First, we note that the construction lien statute is abundantly clear that recovery under a performance bond does not foreclose pursuit of a contract cause of action.
 
 See
 
 § 713.30, Fla. Stat. (2009) (providing that “[tjhis part shall be cumulative to other existing remedies and nothing contained in this part shall be construed to prevent any lienor or assignee under any contract from maintaining an action thereon at law in like manner as if he or she had no lien for the security of his or her debt ... ”). More importantly, we agree with Plaintiff that there is nothing incompatible or inconsistent with the positions it took in this case and in the surety action.
 

 In the surety case, Plaintiff sought and received only damages based upon its completed work, which was the full extent of the recovery permitted under chapter 713. In this ease, Plaintiff seeks only lost profits for work it was deprived of performing due to Defendant’s alleged breach. As already noted, these lost profits could not have been recovered from the surety, but are available in a contract action against a breaching party. The damages sought in the two actions do not overlap, so that there is no risk of a double recovery.
 

 Defendant’s argument in this case is premised on the fact that in a single case against a contracting party for breach of a partially-performed construction contract, a plaintiff may seek either the full measure of contract damages (the contractor’s lost profits together with the reasonable cost of labor and materials incurred in the partial performance) or quantum meruit (only the reasonable cost of labor and materials incurred in the partial performance).
 
 See, e.g., Nico Indus. v. Steel Form Contractors, Inc.,
 
 625 So.2d 1252 (Fla. 4th DCA 1993). Thus, a plaintiff could waive his or her claim for lost profits on work not performed by only seeking to recover in quantum meruit from the breaching party.
 
 Id.
 
 This type of “election” between damage theories in a single suit has no direct bearing on the broader doctrine of election of remedies. The damages election would affect the election of remedies analysis only if Plaintiff had filed suit against this Defendant seeking to recover in quantum meruit for the work already performed. In that case, the doctrine would have barred the action since Plaintiff has already fully recovered damages for the work performed. Clearly, however, the doctrine does not bar Plaintiff from seeking from Defendant damages not recovered from the surety, if Plaintiff can otherwise prove its claim. Accordingly, we reverse the final judgment, and remand for further proceedings.
 

 REVERSED AND REMANDED.
 

 EVANDER and COHEN, JJ., concur.