SASSO, J.
Lillian D. Manney appeals from an order entering judgment on the pleadings in favor of MBV Engineering, Inc., f/k/a Mosby, Moia, Bowles & Associates, Inc., f/k/a Mosby & Associates, Inc. ("MBV"), based on the application of a statute of repose. Manney argues that the trial court erred in applying the statute of repose because the plain language of the statute does not encompass Manney's claim against MBV. We agree and reverse.
Prior to purchasing a newly constructed house in November 2002, Manney hired MBV to review construction drawings and inspect the house to determine whether there were any structural defects. MBV advised Manney that the structural integrity of the house was in excellent shape and there were no signs of structural distress. Thirteen years after purchasing the house, and with the assistance of another licensed structural engineer, Manney discovered that the house had significant latent *216 structural defects, including a design defect of the foundation.
Six months after receiving the structural engineer's report identifying the latent defects, Manney filed a negligence complaint naming several defendants, including MBV. As to MBV, Manney's June 30, 2017 complaint alleged:
[P]rior to purchasing the House, MANNEY hired MBV to provide her with professional engineering services by reviewing the original construction drawings and by preforming [sic] an on-site structural inspection of the House for the purpose of determining whether the House was correctly designed and constructed in order to determine if she should purchase the House.
Manney further alleged that she purchased the house in reliance on MBV's assurance of the structural integrity of the house, and but for MBV's assurance, she would not have purchased the house. Finally, she alleged that MBV breached its duty to her by negligently performing its review and inspection of the house and by negligently advising her that the overall structural integrity of the house was in excellent shape with no signs of structural distress.
MBV filed a motion for judgment on the pleadings, arguing that the claims against MBV were barred by the ten-year statute of repose contained in section 95.11(3)(c), Florida Statutes (2017), which provides:
An action founded on the design, planning, or construction of an improvement to real property ... must be commenced within 10 years after the date of actual possession by the owner ....
Manney disagreed, arguing that section 95.11(3)(c) was inapplicable. Instead, she argued that section 95.11(4)(a), which provides a two-year statute of limitations for an action for professional malpractice, applied. Under that statute, the limitations period begins to run "from the time the cause of action is discovered or should have been discovered with the exercise of due diligence." § 95.11 (4)(a), Fla. Stat. (2017). As Manney filed her complaint well within two years of discovering the defects, she argued that her complaint was timely.
The trial court found that the work completed by MBV fell within the purview of section 95.11(3)(c) because "said work is related to the planning, design, and construction of the Plaintiff's structure"; therefore, the ten-year statute of repose precluded Manney's claim against MBV. We disagree.
We review the trial court's granting of a judgment on the pleadings de novo. Plumbing Serv. Co. v. Progressive Plumbing, Inc. , 952 So. 2d 1211, 1212 (Fla. 5th DCA 2007) (reviewing trial court's decision granting judgment on pleadings de novo and noting all well-pled allegations of complaint must be accepted as true). Applying the plain language of section 95.11(3)(c) to the allegations in the complaint, as we are obligated to do, the issue becomes whether Manney's action against MBV is "founded on" the design, planning, or construction of an improvement to Manney's house, as required by section 95.11(3)(c). "Founded on" means based upon, arising from, growing out of, or resting upon. Avalon Assocs. of Del. Ltd. v. Avalon Park Assocs., Inc. , 760 So. 2d 1132, 1135 (Fla. 5th DCA 2000) (citations omitted).
As is evident from the allegations in the complaint, section 95.11(3)(c) is not applicable to Manney's claims against MBV. The crux of Manney's complaint is that MBV negligently performed an inspection of a completed, albeit newly constructed, structure. As such, MBV did not design, plan, or construct an improvement *217 to real property. And while the inspection may have required the observation of completed "construction," this does not transform the claim into one founded on the "construction" of an improvement to real property, as that term is commonly understood. See Construction , Merriam-Webster's Collegiate Dictionary 248 (10th ed. 2000) (defining "construction" as
"the process, art, or manner of constructing something"); see also Construction , The Oxford American College Dictionary 297 (2002) (defining "construction" as "the building of something, typically a large structure"). Thus, a review of the plain language of section 95.11(3)(c) does not encompass Manney's claim against MBV.
In reaching a contrary conclusion, the trial court found, as urged by MBV, that section 95.11(3)(c) bars Manney's claims because Manney's action "relates to" the construction of new property. While it may be true that Manney's claim "relates to" construction, that language is not found within section 95.11(3)(c). As such, that interpretation does not flow from a natural reading of the statute's text.
Applying the plain language of 95.11(3)(c) to the claims against MBV in the complaint, we determine that the statute of repose contained within that section does not apply. Thus, we reverse the trial court's final judgment against Manney and remand for proceedings consistent with this opinion.
REVERSED AND REMANDED.
EISNAUGLE and GROSSHANS, JJ., concur.